# Wolford *v.* Geisel Moving & Storage Company, Appellant.

*Workmen's compensation—Negligence—Findings—Evidence— Declarations—Hearsay—Res gestæ—Widow—Minor children.*

1. An award of damages to a widow of a workman, for the death of her husband, will be sustained where it appears that the findings of fact by the referee sustained by the Workmen's Compensation Board and the Court of Common Pleas and based on sufficient evidence, were in effect, that on a May 4th the deceased was a man of good health and great strength; that on that day he was engaged in moving a heavy piano; that his suffering dated from that time until his death on May 20th, that he continued to work until May 11th when he was compelled to give up because of his being incapacitated; that his physician found that he was suffering severe pain in his side, down through the abdomen to the leg; that after his death it was found that he had an abscess under one of the kidneys, and that this abscess had produced pneumonia, which had caused his death; that his physician had reported to the Bureau of Vital Statistics that death had resulted from the abscess due to the injury received on May 4th, and that the physician for the insurance company which carried the insurance for the employer, testified that the abscess was the result of an injury, and that the abscess could not have had any natural cause, since the circumstances justified the inference that the accident produced the abscess, and that the abscess caused the pneumonia which resulted in death.

2. Such an award will be sustained without taking into consideration declarations of the decedent made on the day of the accident shortly after it occurred and on the day after the accident.

3. In claims made under the Workmen's Compensation Act, liberality in the admission of proof and the inferences reasonably to be drawn therefrom are to be kept clearly in mind, but the referee and the Workmen's Compensation Board have no right to find material facts on hearsay evidence alone, but the findings must rest upon such relevant and competent evidence of sound probative character as remains after excluding from consideration the hearsay testimony, whether such testimony be either circumstantial or direct.

4. Under the Workmen's Compensation Act an award to a widow does not preclude an award also to the minor children of a decedent workman.

Argued Oct. 1, 1918.   Appeal, No. 107, Oct. T., 1918, by defendant, from judgment of C. P. Cambria Co., June T., 1918, No. 58, dismissing appeal from order of Workmen's Compensation Board allowing claim in case of Annie Mary Wolford v. Geisel Moving & Storage Company.   Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and FOX, JJ.   Affirmed.

Appeal from order of Workmen's Compensation Board affirming award of referee.   Before STEPHENS, P. J.

*Error assigned* was the affirmance of the award of the referee.

*George C. Bradshaw,* with him *John C. Sherriff, Alexander P. Lindsay* and *Evans & Evans,* for appellant.— There was no legal evidence to sustain the finding of the referee to the effect that the claimant's husband came to his death as the result of an accident suffered by him during the course of his employment on May 4, 1917.

Assuming that the testimony of Dorsey Wolford's complaint to his wife on the day of the alleged accident of a severe pain in his back is admissible, this complaint to his wife lacks the one element essential to give it effect, that is, that he did not tell her of anything that had happened to him to cause the pain.   If any accident had in fact occurred to Dorsey Wolford on that afternoon he would have told it to his wife as an explanation of the cause of his pain: Van Eman v. Fidelity & Casualty Co. of N. Y., 201 Pa. 537.

The statements made by the deceased as to the cause of the accident to his physician, Dr. Wagner, were clearly inadmissible: Gosser v. Ohio Valley Water Co., 244 Pa. 59; Northern Pacific R. R. v. Urlin, 158 U. S. 271.

If Annie Mary Wolford be awarded compensation for three hundred weeks, the children are not entitled to any compensation.   The widow is entitled to all.

*George E. Wolfe,* for appellee.—The declarations of a person concerning the cause of a supposed injury to him made shortly after it is claimed to have happened are admissible, though hearsay, as a part of the res gestæ: Smith v. Stoner, 243 Pa. 57; Van Eman v. Fidelity & Casualty Co. of New York, 201 Pa. 537.

OPINION BY MR. JUSTICE FOX, January 4, 1919:

Dorsey Wolford was in the employ of the Geisel Moving & Storage Company, the appellant. His duty consisted largely in the moving of pianos. On May 4, 1917, he was engaged in moving a piano about 4:30 in the afternoon. He had the assistance of two other men. Upon his return home that evening he complained to his wife of severe pain in his back. On the next day, May 5th, he told Miss O'Conner, an employee of the Geisel Moving Company, that he thought he had injured himself in moving a piano the day before. He also made a similar complaint when he subsequently consulted a physician. He continued at his customary employment until noon of May 13th, when he was obliged to give up work. A physician was called and found that he was suffering with severe pain in the right side extending down through the abdomen to the leg. On May 16th, on the advice of his attending physician, he was sent to a hospital where he died on May 20th.

About a week after his death the body was exhumed and a post mortem held. This disclosed a narrowing in one place of the intestines; the lungs showed solidification due to pneumonia. An abscess was found under the right kidney containing pus, which upon examination showed streptococci and staphylococci bacteria; the lungs showed the same organism, but no pneumonia cocci were found.

The referee of the Workmen's Compensation Board, in addition to the facts already stated, found that the death of Wolford was caused by abscess and pneumonia which resulted from abscess; that this abscess was brought

about by the violent exertion and strain incident to the lifting of the piano on May 4, 1917. The referee having found these facts made an award to Mrs. Annie May Wolford, claimant, and against the Geisel Moving & Storage Company, defendant, of compensation for herself and children for a period of 300 weeks, as provided in Article III, Section 307, Clause 6, of the Workmen's Compensation Law, and thereafter until the youngest child shall have reached the age of sixteen years as provided by clause 1 of the above article and section, to be computed on an average weekly wage of $20.

On appeal to the Workmen's Compensation Board that board sustained the findings of fact and law of the referee and dismissed the appeal. An appeal from this award was taken to the Court of Common Pleas of Cambria County and the court in an opinion filed dismissed the appeal. From that decision of the lower court this appeal was taken.

The appellant suggested three questions for our consideration:

1. Was there sufficient legal evidence to sustain the finding of fact by the referee that the claimant's husband came to his death as a result of the accident suffered by him on May 4, 1917?

2. If compensation is payable to the widow for 300 weeks, is each child under 16 entitled to compensation after 300 weeks until it becomes 16?

3. If the children are entitled to compensation do they take under Clause 1 or Clause 9 of Section 307 of the Workmen's Compensation Act, and to whom is the award payable?

While it is true as urged that this court may review the ultimate or controlling findings of the referee of the board when the material underlying findings indicate the character of the evidence upon which the ultimate or controlling findings rest, we do not think that either the referee, the Workmen's Compensation Board or the learned judge of the court below committed any error in

making the award of compensation. The learned counsel for the appellant argues that the fact that Dorsey Wolford met with an accident on May 4, 1917, and that the accident in question caused the abscess is utterly unsupported by the testimony. The principal ground of complaint is that the declarations made by Dorsey Wolford on the day of the accident shortly after it occurred and the day after the accident are hearsay evidence and cannot be considered. It is not necessary for us to decide in the case at bar that these declarations are admissible as part of the res gestæ. In a number of the other states the courts have held that where, as in the present case, the condition is a continuing one, such declarations are undesigned incidents of the particular litigated act and are admissible as illustrative of such act. The test which has been applied in Pennsylvania heretofore with reference to declarations of this character is that they must practically be contemporaneous with the act itself. The fact that there is a causal connection between the act itself and the subject matter of the declarations cannot be resorted to as offering a basis for the admission of the declarations. In Bausbach v. Reiff, 244 Pa. 559, we held that incidents of this character more or less separated in time from the original act could be received. In Van Eman v. Fidelity & Casualty Company, 201 Pa. 537, declarations of a similar character made to the wife of the decedent were admitted in evidence, and the propriety of this ruling was challenged in this court. We held that the judgment should not be reversed because of the admission of these declarations inasmuch as another witness, who was competent, testified to the same facts. In the recent case of McCauley v. Imperial Woolen Company, 261 Pa. 312, 325, in discussing the question of proof in a workmen's compensation case we held that in claims made under this statute liberality in the admission of proof and the inferences reasonably to be drawn therefrom were to be kept clearly in mind; but we also held that the referee and the Workmen's Compensation

Board have no right to find material facts on hearsay testimony alone, and that the findings must rest upon such relevant and competent evidence of sound probative character as remains after excluding from consideration the hearsay testimony, whether such testimony be either circumstantial or direct.

Applying this test to the case at bar is it possible to sustain the findings of the referee and compensation board without resorting to a consideration of the declarations above referred to?

Wolford was, up to the 4th day of May, 1917, a man of good health and great strength. On that day he was engaged in the operation of moving a heavy piano. His suffering dated from that time until his death. He continued to work until May 11th, at noon, when he was obliged to give up because of his being incapacitated. His physician found that he was suffering with severe pain in his right side extending down through the abdomen into the leg. After his death an autopsy was held and it was found that he had an abscess under the right kidney and that this abscess had produced the pneumonia which caused his death. His physician reported the cause of his death as perinephritic abscess due to the injury received in moving a piano May 4, 1917—abscess followed by localized peritonitis. This report was made to the Bureau of Vital Statistics of Pennsylvania. Dr. Emlen Jones who was acting for the insurance company that carried the insurance for the appellant testified as stated in the opinion of the Workmen's Compensation Board that it was the result of an injury and that the abscess could not have originated from any natural cause. This chain of circumstances therefore justified the inference that the accident produced the abscess and that the abscess caused the pneumonia which resulted in the death of Wolford.

In our view, therefore, the findings of the referee and the Compensation Board were justified and the learned

judge of the court below committed no error in dismissing the appeal.

The other questions raised by the assignments have been disposed of in the case of Catlin v. Pickett & Company, 262 Pa. 351.    It is there held that an award to a widow does not preclude an award also to the minor children of the decedent.

The judgment is therefore affirmed.