# Tracey *v.* Philadelphia & Reading Coal & Iron Co., Appellant.

*Workmen's compensation—Death from injury in course of employment — Cardiac collapse — Findings — Evidence — Mines and mining.*

A finding of the referee and compensation board, sustained by the court below, that claimant's husband came to his death as the result of a cardiac collapse which followed overlifting and overstraining while working as a miner in his employer's colliery, will be sustained on appeal, where there is competent and sufficient evidence to sustain the finding.

Argued February 14, 1921. Appeal, No. 61, Jan. T., 1921, by defendant, from decree of C. P. Schuylkill Co., May T., 1920, No. 43, affirming decision of compensation board, which sustained an award by referee in favor of claimant, in case of Mrs. Michael Tracey v. Philadelphia & Reading Coal & Iron Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of compensation board. Before KOCH, J.

The opinion of the Supreme Court states the facts.

The court affirmed the decision of the compensation board: See 16 Schuylkill L. R. 185. Defendant appealed.

*Error assigned,* inter alia, was above decree, quoting it.

*John F. Whalen,* with him *George Ellis,* for appellant.

*Roger J. Dever,* for appellee.

PER CURIAM, March 14, 1921:

Plaintiff's husband was employed as a repair man in and about defendant's colliery. On October 3, 1918, while engaged with other workmen "in taking a buggy

or a small car up a breast" in defendant's mine, he received a sprained back, which injury it is claimed developed into cardiac collapse, resulting in his death on the following November first. The compensation board adopted plaintiff's theory and awarded compensation; this action, on appeal, was affirmed by the Common Pleas of Schuylkill County, whereupon defendant appealed to this court. The question before us is "whether there was sufficient in the testimony to warrant the finding of law that death of appellee's husband was the result of an injury received while in the employ of appellant."

The testimony adduced before the board shows that deceased, while engaged with other workmen in removing a "buggy" from one location to another, sprained his back and strained his heart by overlifting which was followed by cardiac collapse, resulting in his death. That cardiac collapse may result from overlifting and straining clearly appears from the medical experts examined at the hearing before the board. Dr. Holderman, who had not attended deceased, but qualified as an expert, testified, "the only possible evidence that I can see was that he died of overlifting and overstrain of the heart; ......one cannot say positively that a strain caused a dilation of the heart; but I think I would be justified in saying that the strain caused it, because he has a history of an accident and I think that might be a probable cause of this cardiac collapse. Cardiac collapse can follow from overexertion or overstrain." The attending physician said death was the result of cardiac collapse and that such collapse could be the result of a strain and that he knew of no other cause in this case.

The evidence referred to was competent and ample to sustain the conclusion reached by both the referee and compensation board that cardiac collapse resulting in the death of claimant's husband followed overlifting and overstraining while working in defendant's colliery.

The assignments of error are overruled and the judgment is affirmed.