# Watkins *v.* Pittsburgh Coal Co., Appellant.

*Workmen's compensation—Appeals—Evidence—Review.*

1. On appeals from decisions in workmen's compensation cases, the revisory powers of the appellate court is limited to such consideration of the record as will enable it to ascertain whether there is evidence to support the findings, and, if so, whether the law has been properly applied.

*Workmen's compensation—Strain on heart—Climbing stairway—Evidence—Nature of the accident—Accidental death.*

2. A claimant in a workmen's compensation case is required to show that the injury or death was accidental, but not the precise nature of the accident.

3. Where it is shown by expert evidence that a deceased workman died from a strain of the heart caused by climbing eighty feet up a stairway in the course of his employment, his widow is entitled to compensation.

4. Where it appears deceased sustained a fall, which may have caused death by brain lesion or other injury, this is sufficient to support a finding of accidental death.

Argued October 8, 1923. Appeal, No. 57, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., July T., 1922, No. 2263, sustaining decision of Workmen's Compensation Board, in case of Agnes Watkins v. Pittsburgh Coal Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board, which sustained award of compensation by referee. Before FORD, J.

The opinion of the Supreme Court states the facts.

Decision sustained. Defendant appealed.

*Errors assigned* were dismissal of exceptions to decision of Workmen's Compensation Board, quoting record.

*R. N. Grier,* with him *Don Rose,* for appellant.

*Jacob Seligsohn,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

Plaintiff's husband, John J. Watkins, was working nights for the Pittsburgh Coal Company, defendant, at a mine and while his main work was in the boiler house his duty also required him each night to go down into the mine pit and look after the pumps. To do so he

passed down a flight of twelve steps and thence over a level space, traversed by two railroad tracks, to a stairway leading down some eighty feet to the pumps, where he was usually occupied about an hour and a half. On the evening of March 31, 1920, he went to work as usual and about ten o'clock descended into the mine, but did not return, and early the next morning his dead body was found lying near the foot of the twelve steps, between a wall and the first railroad track, with a small cut on his forehead and a slight bruise or scratch on one cheek. No autopsy was held, but a doctor who saw the body and talked with other employees, gave the opinion that death had resulted from acute dilatation of the heart, superinduced by exertion in climbing up the stairs from the mine pit. Mr. Watkins was forty-eight years of age, in fair health and not, so far as known, afflicted with heart trouble or any other ailment likely to cause sudden death. The evidence was conflicting as to whether he had recently had an attack of influenza. The referee found as a fact that the deceased met his death as the result of an accident sustained in the course of his employment and awarded compensation to the widow and children, which was affirmed by the compensation board and court of common pleas, followed by this appeal on behalf of the defendant.

Appellant's sole contention is that there is no evidence to sustain the finding of accidental death. In this class of cases our revisory powers are limited to such consideration of the record as will enable us to ascertain whether there is evidence to support the findings and, if so, whether the law has been properly applied: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Stahl v. Watson Coal Co., 268 Pa. 452. Assuming the accuracy of the doctor's opinion, the finding of the referee is warranted, for we have held that death resulting from a strain upon the heart caused by overlifting is an accident (Tracey v. Phila. & Reading C. & I. Co., 270 Pa. 65) and it is no less so when caused by overexertion in climbing eighty feet up a

stairway. That an extra strain upon the heart may cause death is undoubted and the fact that at other times the deceased had climbed the stairs uninjured is not conclusive that he did so on this occasion. The award here in question finds support in other decisions of this court, for we have held that death resulting from the rupture of a blood vessel by an extra effort in vomiting (Clark v. Lehigh Valley C. Co., 264 Pa. 529), or from heat prostration (Lane v. Horn & Hardart B. Co., 261 Pa. 329), or from dilatation of the heart caused by an anæsthetic (Hornetz v. Phila. & Read. C. & I. Co., 277 Pa. 40), or from pneumonia caused by lifting a piano (Wolford v. Geisel M. & S. Co., 262 Pa. 454), is an accident within the meaning of the workmen's compensation statutes. True, the sudden death of an employee while doing work, which calls for no unusual physical strain, raises no presumption of an accident (Lesko v. Lehigh Valley Coal Company, 270 Pa. 15), but this rule cannot be invoked where duty requires the performance of an act causing a fatal strain to a vital organ.

A claimant is required to show the death was accidental, but not the precise nature of the accident: Laraio v. Pennsylvania Railroad Co., 277 Pa. 382; Zelazny v. Seneca Coal Mining Co. et al., 275 Pa. 397. It clearly appears the deceased sustained a fall, and this may have caused death by a brain lesion or some other injury; so, in addition to the question of heart strain, the circumstances tend to support the finding of an accidental death.

The judgment is affirmed.