From Richard E. Cochran, York, Pa.

---

## Palmer, Alien Property Custodian, to use, v. Vesta Coal Co.

*Workmen's compensation—Death resulting from shock produced by fright—Questions raised for first time upon appeal—Act of June 2, 1915.*

1. On appeal from decree of the Workmen's Compensation Board affirming the award of a referee, the appellant cannot advance and rely upon a position neither raised nor passed upon by either the referee or the compensation board.

2. Whether there was any competent evidence to sustain a finding before a referee is, where properly raised, a question of law for the court, but the appellant will not be heard to complain as to the competency of the testimony which it itself introduced upon hearing before the referee.

3. A paralysis of the heart, caused by shock, resulting in a cessation of its functioning, constitutes violence to the physical structure of that organ, regardless of how such shock may have been produced.

Appeal from decree of Workmen's Compensation Board affirming award of referee. C. P. Washington Co., Feb. T., 1924, No. 254.

Argued before Brownson, P. J., and Cummins, J.

*W. A. Challenger* (with him *A. M. Linn*), for appellant.

*Charles M. Hull* (with him *John Kulamer*), for appellee.

CUMMINS, J., Oct. 6, 1924.—This case is an appeal from an award of the Workmen's Compensation Board, the claimant being the widow of deceased. The deceased, at the time of death, was in the employ of defendant company, being engaged as a miner or loader of coal. His body was found in his place of work. Almost eighteen feet distant therefrom there had been a fall of rock, weighing approximately 250 or 300 pounds. An examination of the body showed no marks of injury, and an autopsy disclosed no pathological

condition. The verdict of the coroner's jury was that deceased "came to his death . . . from shock due to fright caused by a fall of slate while at work."

In the compensation hearing before the referee, defendant company disclaimed liability mainly on the theory that death had been produced by fright, and that this was not a compensable death within the meaning of the Compensation Act. Two other matters of defence were at the time advanced, but are not involved in this appeal. In support of its theory, defendant itself offered in evidence the verdict of the coroner's jury and the opinion of an expert to the effect that death had been caused by shock produced by fright. Claimant acquiesced in the theory advanced by defendant company and offered some additional evidence in support thereof, so that at the referee's hearing there was virtually no dispute as to the cause of death. The referee found that death by fright while engaged in one's employment was a compensable death, and made an award accordingly.

From the referee's award an appeal was taken to the Workmen's Compensation Board, which appeal was not in the nature of a demand for a hearing *de novo*, but in substance a *certiorari*, raising thereby three questions of law, to wit, whether death by fright while engaged in one's employment is a compensable death within the meaning of the Compensation Act, and two other questions of law not involved in this appeal. It must be observed that in the appeal from the award of the referee no complaint is made of want of sufficient evidence to support the referee's finding that death was caused by shock produced by fright, but instead complaint is made therein that the referee did not further find that "the impression conveyed to the brain of the deceased as the result of seeing and hearing the fall of rock reacted in his brain upon the vaso-motor nerves controlling the supply of blood to the heart and lungs, and this reaction caused his death," and that "this did not constitute violence to the physical structure of the body." The Workmen's Compensation Board affirmed the conclusion reached by the referee, that death by fright did "result from violence to the physical structure of the body," and accordingly dismissed the appeal.

In the present appeal to the Court of Common Pleas appellant relies on two questions of law; first, that there was no competent evidence to support the finding that deceased's death was the result of shock produced by fright; and, second, that if death was so produced during the course of employment, such would not constitute violence to the physical structure of the body, resulting from an accident within the meaning of the Workmen's Compensation Act.

It must be observed that the first question advanced in this appeal was neither raised nor passed upon, either by the referee or Workmen's Compensation Board, but is now raised for the first time in this appeal. This calls to our attention the rule that points not raised upon trial will not be considered upon appeal: St. Joseph's L. R. C. Church's Petition, 273 Pa. 486, 492; Kauffman *v.* Kauffman, 266 Pa. 270, 276; Pasquinelli *v.* Manuf. Co., 272 Pa. 468, 479; Hurt *v.* Fuller Canneries Co., 263 Pa. 238, 241; Opening of Parkway, 267 Pa. 219, 227. Not only was this question of law not raised before the referee or Workmen's Compensation Board, but the very finding of which appellant now complains was in substance then insisted upon by defendant's counsel. Apart from this, moreover, appellant's contention could not be sustained. Whether there was any competent evidence to sustain the finding that death was produced by shock caused by fright is, of course, where properly raised, a question of law for the court: Stahl *v.* Coal Co., 268 Pa. 452; Kuca *v.* Coal Co., 268 Pa. 163, 165; McCauley *v.* Imperial W. Co. et al., 261

Pa. 312, 319; but the appellant company certainly will not now be heard to complain as to the competency of the evidence which it itself introduced upon hearing before the referee: Kull *v.* Mastbaum & Fleisher, 269 Pa. 202, 204; Buehler *v.* Fashion Plate Co., 269 Pa. 428, 433. And see Ulrich's Case, 267 Pa. 233, par. 2, at page 238. And this conclusion is reached notwithstanding the fact that it is conceded that had incompetent testimony been offered by the adversary, although not objected to (under authority of McCauley *v.* Imperial W. Co. et al., 261 Pa. 312, 325), the question of competency could doubtless later be raised.

The second question of law pressed in this appeal goes to the foundation of the action. If death caused by shock produced by fright while engaged in one's employment is not compensable under the Workmen's Compensation Act, then, of course, claimant's award must be set aside.

Section 1 of the Act of June 2, 1915, P. L. 736, provides that the act shall apply to all accidents where the provisions thereof have, by agreement between employer and employee, been accepted; that "compensation for personal injury to, or for death of, such employee, by an accident in the course of his employment, shall be made;" that "the terms 'injury' and 'personal injury' . . . shall be construed to mean only violence to the physical structure of the body;" . . . and that whenever death is mentioned, "it shall mean only death resulting from such violence and its resultant effects."

The contention of appellant that the violence to the physical structure of the body must be external violence, and that, therefore, death caused by shock produced by fright is not a compensable death under the act, is not tenable. As stated by Chief Justice Moschzisker in McCauley *v.* Imperial W. Co. et al., 261 Pa. 312, 327, "in this connection, it is to be noted that there is nothing in the language . . . which requires an injury to be caused through force externally applied, or, much less, by some tangible substance of material size. The words used are 'violence to the physical structure of the body,' not injury to the physical structure of the body by external violence. . . . In short, if the incident which gives rise to the injurious results complained of can be classed properly as a 'mishap' or 'fortuitous' happening—an 'untoward event, which is not expected or designed'—it is an accident within the meaning of the workmen's compensation law." Thus it has been held that death resulted from "violence to the physical structure of the body," where resulting from heat prostration (Lane *v.* Horn & Hardart Baking Co., 261 Pa. 329), from rupture of the heart, caused by vomiting (Clark *v.* Coal Co., 264 Pa. 529), from pneumonia, caused by lifting (Wolford *v.* Geisel M. & S. Co., 262 Pa. 454), from heart dilation, caused by an anæsthetic (Hornetz *v.* Coal and Iron Co., 277 Pa. 40), from heart affection, produced by overlifting (Tracey *v.* Coal and Iron Co., 270 Pa. 65), or from strain upon the heart, resulting from the climbing of stairs: Watkins *v.* Pittsburgh Coal Co., 278 Pa. 463.

No case exactly in point has been called to our attention, nor have we found any. Clark *v.* Coal Co., 264 Pa. 529, 531, is perhaps the nearest approach to such as an authority, in which case death resulted from heart failure as a result of coughing, found to have been superinduced by one of three causes, one of which was fright. In McGlinchey et al. *v.* Fidelity and Casualty Co., 80 Me. 251, 253, cited in Lane *v.* Horn & Hardart Baking Co., 261 Pa. 329, 334, an accident insurance case, death from fright was held to be an accidental death. An examination of the authorities, including those cited, leads us unerringly, we believe, to the conclusion that a paralysis of the heart, caused by shock, resulting in a cessation of its functioning, constitutes violence to the physical structure of that organ, regardless of how such shock may have

Palmer, Alien Property Custodian, to use, *v.* Vesta Coal Co.

been produced. The act is concerned with the immediate, not the remote, cause. Thus, in Clark *v.* Coal Co., 264 Pa. 529, 531, where it was found that death resulted from a rupture of the aorta, caused by coughing produced either by "noxious gases, the smell of burning clothing, or fright from the discovery of his clothing being on fire," it was held not to be material as to what the "anterior" cause may have been: Clark *v.* Coal Co., 264 Pa. 529, 532, citing therein as authority McCauley *v.* Imperial W. Co. et al., 312, 326-7, and Lane *v.* Horn & Hardart Baking Co., 261 Pa. 329.

### Decree.

And now, to wit, Oct. 6, 1924, appeal dismissed and the award appealed from affirmed, at the cost of the appellant.

From E. E. Crumrine, Washington, Pa.