## Skroki *v.* Crucible Steel Co., Appellant.

*Workmen's compensation — Death from overexertion — Death from heat prostration—Opinion of medical experts.*

1. Death caused by overexertion or heat prostration in the course of employment is an accident and compensable under the Workmen's Compensation Law.

2. Compensation is properly allowed for the death of a workman where three medical experts express the opinion that his death resulted from acute dilatation of the heart caused by overexertion in a hot room.

Argued March 14, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 79, March T., 1928, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1928, No. 6, affirming decision of Workmen's Compensation Board, in case of Sophia Skroki v. Crucible Steel Co. of America. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before MOORE, J.

Decision affirmed. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*P. K. Motheral,* with him *Reed, Smith, Shaw & McClay,* for appellant.—The testimony in this case does not prove an accident within the meaning of the compensation Act. There was no untoward occurrence aside from the usual course of events. His disability was due to his usual activity: Gausman v. Pearson Co., 284 Pa. 348; Lesko v. Coal Co., 270 Pa. 15; Clark v. Coal Co., 264 Pa. 529; Calderwood v. Lumber Co., 91 Pa. Superior Ct. 189.

*Isadore A. Bernstein,* with him *Julius L. Schoenberg,* for appellee.—There is sufficient competent evidence in the record to sustain the finding of the Workmen's Compensation board that the decedent suffered an accident which caused his death in the course of his employment with defendant company on November 15, 1926: Vorbnoff v. Machine Co., 286 Pa. 199; McCauley v. Woolen Co., 261 Pa. 312; Tracey v. C. & I. Co., 270 Pa. 65; Watkins v. Coal Co., 278 Pa. 463; Calderwood v. L. & G. Co., 91 Pa. Superior Ct. 189.

OPINION BY MR. JUSTICE WALLING, April 9, 1928:

The referee awarded plaintiff compensation on a finding that her husband, Walter Skroki, met his death by accident sustained in the course of his employment.

This was affirmed by the compensation board and lower court; whereupon defendant brought this appeal. The only question raised is, whether that finding is based on any competent evidence. As that must be answered in the affirmative, the appeal fails. Skroki, an apparently well man, thirty-five years of age, was stricken at his work and died the next morning. The physicians, called as witnesses, gave as the cause of his death acute myocarditis, commonly called dilatation of the heart, which frequently results from overexertion. His employment in the mill was that of a shearman's helper and he was one of three who lifted and carried steel bars weighing two hundred pounds, held them in place while they were cut in two and then carried the halves and placed them on trucks. The day in question (November 15, 1926) was the warmest November 15 in the history of the local weather bureau and in the mill the air was hot and sluggish. Skroki began the day's work at seven o'clock and had continued about ten hours, working over time, during which he had, as his share of the loads, lifted and carried steel to the weight of over thirty thousand pounds. Late in the afternoon he suddenly became sick and after a rest was helped into an automobile, taken to his home and put in bed. He was air hungry and the doctor, finding him suffering from shock, with pulse and respiration very rapid and temperature subnormal, concluded his death was near. At midnight he became unconscious and died in the morning at seven o'clock.

In effect the opinion of the three physicians called by claimant was that Skroki's death resulted from acute dilatation of the heart caused by overexertion in a hot room. This met the requirement of our most recent cases (see Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199) and to some extent was corroborated by the physician called for the defendant.

That death was caused by overexertion in the course of employment is an accident compensable under the work-

men's compensation statutes is well settled. See Samoskie v. Phila. & Reading C. & I. Co., 280 Pa. 203; Watkins v. Pittsburgh Coal Co., 278 Pa. 463; Hornetz v. Phila. & Read. C. & I. Co., 277 Pa. 40; Tracey v. Phila. & Read. C. & I. Co., 270 Pa. 65; Yodis v. Phila. & Reading C. & I. Co., 269 Pa. 586; Clark v. Lehigh Valley C. Co., 264 Pa. 529; Wolford v. Geisel M. & S. Co., 262 Pa. 454; Calderwood v. Consolidated L. & S. Co., 91 Pa. Superior Ct. 189. The same is true of death resulting from heat prostration: Lane v. Horn & Hardart B. Co., 261 Pa. 329; Matis et al. v. Schaeffer, 270 Pa. 141. It is equally well settled that death in the course of employment resulting from natural causes is not an accident or compensable. See Gausman v. Pearson Co., 284 Pa. 348; Lesko v. Lehigh Valley Coal Co., 270 Pa. 15; Clark v. Lehigh Valley C. Co., supra; McCauley v. Imperial Woolen Co., 261 Pa. 312. In the Gausman Case, supra, an old man was doing light work and it was not shown that the stroke came upon him as the result of heat, overexertion or any accident. In the instant case the award is amply sustained by expert evidence and by the circumstances.

The judgment is affirmed.