## Jones v. Lehigh Valley Coal Company.

*Roger Dever*, for plaintiff; *D. W. Kaercher*, for defendant.

HICKS, J., July 23, 1928.—The claimant is the widow of William Jones. Mr. Jones, forty-seven years of age, was employed as a miner by the Lehigh Valley Coal Company at its Buck Mountain operation. On the morning of Oct. 27, 1927, the claimant's husband went to his usual place of employment and, while there engaged in the performance of his usual duties, died. On

this particular morning, the uncontradicted evidence in the case showed that he was apparently well when he left home, good and healthy, apparent good health, jolly, cutting up, declaring he felt good and that he "never doctored with anybody." Up until he lifted a rock, his apparent condition of health was good. He and his buddy were loading a second car of rock and the decedent was handling a big piece of rock, which was about two feet square and four inches thick, and right after that he complained of pain in his right side; he was pale and getting weaker; after picking up the rock, he complained, "getter weaker," kept holding himself, his side, and he used to rub his hand over his right side after he got the pain. Thereafter, he and his buddy "put up two legs. We set up the two legs and I myself was doing that part; he wasn't able to do it; the only reason he stayed at work was because it was pay-day, and if he would leave he would only have to walk all the way back to the colliery; so he stayed there and he helped around a little, but he was getting weaker all the time." He was cutting a prop with a crosscut saw when he dropped over and died.

The basic finding is the third finding of the referee, reading as follows: "We find the claimant had myocarditis, and when he lifted the rock thus put an extra strain on his heart and caused it to dilate acutely, and this caused his death. In other words, the claimant died of acute dilatation of the heart, which was the result of strain occasioned when he lifted the rock; in other words, the heavy lift was the contributory cause of the claimant's decedent's death."

Compensation was awarded to the claimant widow, which was affirmed by the Workmen's Compensation Board.

The question decisive of this appeal is whether or not there is competent evidence sufficient to support the finding of an accidental injury. Dr. R. D. Spencer, a pathologist, was called and on direct examination-in-chief testified as follows: "Q. What would you say was the cause of death of this man? A. The man died a heart death, an acute dilatation of his heart. Q. Has all the earmarks of a heart death rather than a brain death? A. Yes, sir. Q. You heard the witness testify that about ten o'clock that day he lifted a rock, and you heard him describe it? A. Yes, sir. Q. You heard him describe the heavy lift and immediately took pain over the right side and continued to have that pain until he dropped over while cutting some timber; whether or not, in your opinion, that lifting of that rock played a very material contributory part in contributing to this man's death? A. Yes, sir; I would say it played a very important part in contributing to his death. Q. In other words, that was the lift that did the damage? A. In my opinion, yes." On cross-examination appears the following: "Q. You are not prepared to say, and do not say, as I take it, that this seizure or what caused his death actually came from either the lifting of this small stone, two feet square and about four inches thick, which couldn't have been a very great weight, and the sawing of one prop and part of another, that it actually came from that and no other cause? A. He might have had a chronic myocarditis, and lifting a weight like this produced an acute dilatation in a heart of that type. As a rule, a person has got to have some trouble with their heart in order to have an acute dilatation. Q. So I gather from your testimony you are not prepared to say, and do not say, his death was actually caused by the lifting of the rock or sawing of the timber and no other cause? A. My view would be the lifting of the rock produced an acute dilatation and the acute dilatation caused his death." The positive declaration of the expert that the lifting of the rock produced an acute dilatation which caused his death meets

the test for this kind of testimony as specified in Funk *v.* Sheldon Axle and Spring Co., 270 Pa. 476, 479, and cases in its train. Dr. Spencer testified, both in direct and in cross-examination, that, in "his view," the death of the decedent came as the result of dilatation of the heart, caused by the lifting of the rock, and this is sufficiently positive and definite to meet the requirements of the law with respect to expert testimony under circumstances like these: McCrosson *v.* Phila. Rapid Transit Co., 283 Pa. 492, 495. The evidence of the expert, coupled with the apparent good health of the decedent, and his complaint of injury immediately after he lifted the rock, and the immediate change thereafter in his condition to continued complaint of pain and his growing weaker, was competent and ample to sustain the conclusion reached by both the referee and the Compensation Board that cardiac collapse resulted in the claimant's husband, following overlifting and overstraining while working in the defendant's mine: Tracey *v.* Phila. & Reading Coal and Iron Co., 270 Pa. 65.

The contention of the defendant is that the sudden death of an employee at work, which calls for no unusual physical strain or which is unaccompanied by any unusual circumstances proven to be injurious to the employee, raises no presumption of an accident. To which we readily consent, but with its application to the circumstances of this case we do not agree. Of course, if the disability was hastened by the usual work, that would not constitute an accident. "To constitute an accident there must be some untoward occurrence aside from the usual course of events:" Gausman *v.* Pearson Co., 284 Pa. 348, 354. Disability, hastened by the usual and ordinary work, cannot be treated as accidental; neither can death or disability overtaking an employee in the course of his employment and resulting from a natural cause. If it could, it would render the employer an insurer of the life and health of the employee: Gausman *v.* Pearson Co., *supra.* But death resulting from a strain upon the heart, caused by overlifting, is an accident: Tracey *v.* Phila. & Reading Coal and Iron Co., *supra.* An extra strain upon the heart may cause death, and it is the positive testimony in this case that the lifting of this particular rock caused dilatation of the heart, which was followed by death: Watkins *v.* Pittsburgh Coal Co., 278 Pa. 463, 466. While the sudden death of an employee while doing work, which calls for no unusual physical strain, raises no presumption of an accident (Lesko *v.* Lehigh Valley Coal Co., 270 Pa. 15), this rule cannot be invoked where duty requires performance of an act causing a fatal strain to a vital organ, as in this case.

In the case of Gausman *v.* Pearson Co., *supra,* cited by the defendant, the testimony of the experts did not measure up to the legal requirements of proof, and there was no competent testimony that the claimant suffered a heat exhaustion or that such was the superinducing cause of the apoplexy from which he died. In that case the court declared: "Where an injury may be the result of one of two or more causes, for only one of which defendant is liable, the burden is on the plaintiff to individuate that one as the proximate cause of his damage; otherwise, there can be no recovery; . . . furthermore, the burden of proof is not met by the testimony of the witness when so conflicting as to render any inference therefrom a mere guess." That case is not this one and does not control it.

The defendant also relies upon the case of Watkins *v.* Pittsburgh Coal Co., 278 Pa. 463. In this case the claimant met his death through a strain of the heart, caused by climbing a stairway in the course of his employment, which at other times the deceased had climbed without fatal result, and the award of the referee, sustained by the Workmen's Compensation Board and the

lower court, was affirmed by the Supreme Court. In affirming the award, Mr. Justice Walling, on pages 465 and 466, declared: "Assuming the accuracy of the doctor's opinion, the finding of the referee is warranted, for we have held that death resulting from a strain upon the heart, caused by overlifting, is an accident (Tracey v. Phila. & Reading Coal and Iron Co., 270 Pa. 65), and it is no less so when caused by overexertion in climbing eighty feet up a stairway. That an extra strain upon the heart may cause death is undoubted, and the fact that at other times the deceased had climbed the stairs uninjured is not conclusive that he did so on this occasion. The award here in question finds support in other decisions of this court, for we have held that death resulting from the rupture of a blood vessel by an extra effort in vomiting (Clark v. Lehigh Valley Coal Co., 264 Pa. 529), or from heat prostration (Lane v. Horn & Hardart Baking Co., 261 Pa. 329), or from dilatation of the heart, caused by an anæsthetic (Hornetz v. Phila. & Reading Coal and Iron Co., 277 Pa. 40), or from pneumonia, caused by lifting a piano (Wolford v. Geisel M. & S. Co., 262 Pa. 454), is an accident within the meaning of the workmen's compensation statutes." In the opinion of the court, this case does not support the contention of the defendant, but rather supports the contention of the claimant.

No testimony, medical or otherwise, was offered by the defendant, and the only expert called in this case testified on behalf of the claimant, who testified that the cause of the death of the husband of the claimant was acute myocarditis, commonly called dilatation of the heart, which frequently results from overexertion. Prior to the lifting of the rock, the deceased was in good health, and immediately thereafter he complained of pains in his side, grew pale and sick and was no longer able to do efficient work, although he did saw a piece of timber and fell dead while engaged in his weakened condition from the lifting of the rock in cutting another piece of timber with a crosscut saw. The opinion of the expert was that his death resulted from acute dilatation of the heart, caused by the lifting of the rock, and this met the requirement of Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199. "That death was caused by overexertion in the course of employment is an accident compensable under the workmen's compensation statutes is well settled. See Samoskie v. Phila. & Reading Coal and Iron Co., 280 Pa. 203; Watkins v. Pittsburgh Coal Co., 278 Pa. 463; Hornetz v. Phila. & Reading Coal and Iron Co., 277 Pa. 40; Tracey v. Phila. & Reading Coal and Iron Co., 270 Pa. 65; Yodis v. Phila. & Reading Coal and Iron Co., 269 Pa. 586; Clark v. Lehigh Valley Coal Co., 264 Pa. 529; Wolford v. Geisel M. & S. Co., 262 Pa. 454; Calderwood v. Consolidated L. & S. Co., 91 Pa. Superior Ct. 189:" Skroki v. Crucible Steel Co., 292 Pa. 550, 552.

It might well be added that in the case last cited, the Gausman case, *supra*, was differentiated from cases of this nature as the instant case, in that in the Gausman case, relied upon by the defendant, an old man was doing light work, and it was not shown that the stroke came upon him as the result of heat, overexertion or any accident. In the instant case the award is amply sustained by the expert evidence and by the other evidence in the case.

And now, July 23, 1928, the appeal of the defendant is dismissed, the award and order of the Workmen's Compensation Board is hereby affirmed and judgment is directed to be entered in favor of Susan Jones, claimant, and against Lehigh Valley Coal Company, defendant, in the sum of $3026.86.

From M. M. Burke, Shenandoah, Pa.