Lane *v.* American Pulley Co. et al., Appellants.

Argued October 8, 1931.

Before Trexler, P. J.,
Keller, Linn, Gawthrop, Cunningham and Baldrige,
JJ.

*John Paul Erwin,* for appellant.

*Thomas M. J. Regan,* for appellee.

Opinion by Linn, J., December 11, 1931:

Appellant, an insurance carrier, appeals from an award of compensation. Claimant sustained injury to his left eye May 23, 1925 by blowing into it what is described in the record as a "piece of steel," or "cast-iron dust," or "chips from the planer." He was a machinist operating a planing machine. He blew the refuse in such way that some of it got into his eye, complained immediately and received treatment at defendant's dispensary; 9 days later, a foreign substance, described in appellant's history of the case, as "presumably a piece of steel," was extracted from his eye by a giant magnet at Lankenau Hospital.

A compensation agreement was executed June 24, 1925 in which the parties to the agreement state: "While planing blue steel, a piece of steel flew into eye, causing foreign body in left eye." On August 26, 1925, defendant filed a petition to terminate the agreement; claimant answered the petition by claiming compensation for the loss of the left eye. September 28, 1925 the referee filed a paper in the case, stating that, before taking testimony on the petition to terminate the agreement, the proceeding had been disposed of "by the claimant signing final receipt for compensation to July 6, 1925 when he returned to work ......"

February, 1928, claimant filed a petition for review of the agreement, alleging that it was terminated by mistake; defendant denied the mistake. A hearing was had and evidence was taken. The referee found that claimant had lost the industrial use of the left eye and awarded compensation for a period of 125 weeks, with credit for the amount that had been paid. On appeal, the board agreed with the referee, and dismissed the appeal. Defendant then appealed to the common pleas which agreed with the compensation authorities. This appeal followed.

The single ground of appeal is thus stated by appellant: "There was no evidence to sustain a finding that the injury resulted from the accident claimed." The evidence clearly supports the finding that "the piece of steel," or the dust, or chips from the planing machine blew into claimant's eye. The only difficulty appellant would seem to have is to determine whether the object withdrawn from the eye had been blown into it as described. On that subject there is some conflict in the evidence. Such conflicts must be resolved by some one, and the statute has put upon the compensation authorities the duty of finding the facts; they have found "that a piece of steel entered the

claimant's eye on May 23, 1925 while in the course of his employment. Since this steel, according to the medical testimony, has caused the loss of vision, the claimant is clearly entitled to compensation for the loss of the use of his left eye.'' The learned president judge of the court below stated the situation adequately: ''The fact is well established that he was injured while at work, and in such a way as would be very likely to have been caused by his work, and finally the chain of circumstances starting from the work bench, and ending at the hospital, with the removal of the foreign body, is unbroken. The immediate slight inflammation, the aggravated condition three days later, the continual treatment, the final operation'': see Watkins v. Pittsburgh Coal Company, 278 Pa. 463, 466.

Judgment affirmed.