Kummerer *v.* Snyder et al., Appellants.

Argued December 19, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Desmond J. McTighe,* with him *Henry I. Fox,* of *Fox & McTighe,* and *Allen Gray Clark,* for appellants.

*Robert Trucksess,* for appellee.

Opinion by Stadtfeld, J., March 1, 1935:

This is a workmen's compensation case. The referee made an award in favor of claimant. The board affirmed the same and the court entered judgment thereon from which defendant appealed.

The board affirmed, inter alia, the following findings of fact of the referee: "The decedent in this case was a truck driver, lumber salesman and general man of all work around a lumber sales organization. The type of work he was called upon to do was the handling of all kinds of lumber and the sale and delivery of same to the various customers of his employer. During his employment he was sent to a farm to load some corn to be hauled to the employer's place of business for use of the employer in feeding a horse which had been used in the employer's business. The loading of this corn on the truck, assisted by the farmer, was not an unusual work for this man to perform although the evidence shows that there was some haste in the handling of the corn beyond the ordinary usual manner of doing so and that the decedent was sweating and heated up when the truck was loaded and ready to be driven away. When the decedent attempted to drive the truck load of corn away from the place where it was standing loaded, the hind wheels of the truck sank into the soft earth and it was found necessary, in order to extricate the truck, to hurriedly unload the entire load of corn. Here again the decedent was called upon to, and according to the evidence did become heated up in the handling of the corn during the unloading process. After the corn was unloaded the decedent climbed off the truck, got down on the ground and stooped down and began to push rocks, weighing approximately 15 to 25 pounds, under the hind axle frame of the truck as his associate workman jacked up this axle. While in this unusual position, doing this unusual work, after being overheated

in the unusual work of hurriedly unloading the corn, the decedent fell over and expired from acute dilatation of the heart.

"Dr. John B. Sherbon who examined this man immediately after death definitely states that if this man had not had this unusual exertion he would not have died at that time. The evidence clearly establishes the fact that this decedent came to his death while engaged in the service of his employer from acute dilatation of the heart, aggravated by an over-exertion while doing work of an unusual nature, under unusual circumstances."

He also found as a conclusion of law: "That the decedent met with an accidental death while in the course of his employment with the defendant ......"

The sole question in this case is whether there is sufficient legally competent evidence to sustain the findings of the referee, affirmed by the board, and whether the law has been properly applied. A claimant in a workmen's compensation case is required to show the death was accidental, but not the precise nature of the accident: Watkins v. Pittsburgh Coal Co., 278 Pa. 463, 123 A. 461.

The testimony shows that the decedent was 67 years of age, had never been sick, and had worked for defendant for 29 years. There was no evidence that he had ever suffered from any organic disease.

Dr. John B. Sherbon, called on behalf of claimant, testified that he had known decedent for 13 years, but had never had occasion to attend him for any illness. He was called after decedent had died and arrived about twenty minutes thereafter; he made an examination of the body; he stated as a result of that examination and the history of the case, there was no evidence that decedent ever had a heart condition; that in his opinion death was caused by an acute dilatation of the heart, caused by over-exertion.

Charles Boone, the farmer who assisted decedent in the effort to get the wagon out of the mire, testified that decedent came there at eleven o'clock in the morning and at four o'clock in the afternoon "When we came to unload the truck is when he thought we ought to be done, that is when he really worked harder than any time of the day."

Quoting from the opinion of Mr. Justice WALLING in Watkins v. Pittsburgh Coal Co., supra: "Assuming the accuracy of the doctor's opinion, the finding of the referee is warranted, for we have held that death resulting from a strain upon the heart caused by overlifting is an accident (Tracey v. Phila. & Reading C. & I. Co., 270 Pa. 65) and it is no less so when caused by over-exertion in climbing eighty feet up a stairway." To same effect Samoskie v. P. & R. C. & I. Co., 280 Pa. 203, 124 A. 471; see also Calderwood v. Consolidated Lumber & Supply Co., 91 Pa. Superior Ct. 189, wherein the cases on this subject are reviewed.

The work in which decedent was engaged immediately preceding his death, according to the testimony, required unusual physical strain. In the cases cited by appellant, the labor being performed at the time of the alleged injury was the same kind and done in the same manner as had been done for some time prior thereto, and required no unusual effort. In that respect they are distinguishable from the instant case.

A careful examination of the testimony satisfies us that it sustains the findings on which the award is based.

The assignments of error are overruled and judgment affirmed.