## Shirk v. Phelaro Inc.

*James G. Nealon,* for plaintiff.
*George F. Douglas Jr.,* for defendant.

BAYLEY, *J.,* January 25, 1990 — This is a dram-shop case arising out of an accident on June 15, 1986. Plaintiff-decedent was killed in a one-car accident while a passenger in a car operated by Carol Ann Bradenbaugh. Plaintiff alleges that defendant, Phelaro Inc., trading and doing business as Gingerbread Man, served Carol Ann Bradenbaugh alcoholic beverages prior to the accident at a time when she was visibly intoxicated.[1]

At the pretrial conference defendant's counsel confirmed that defendant intends to call Lawrence J. Guzzardi, M.D., a toxicologist, as an expert witness on the issue of whether Carol Ann Bradenbaugh would have appeared visibly intoxicated when it allegedly served her alcoholic beverages before the accident. Plaintiff's counsel, in limine, seeks an order prohibiting Dr. Guzzardi from testifying for defendant because he has already testified as an expert witness for plaintiff in an arbitration proceeding in which plaintiff sought recovery on an underinsured motorist claim arising out of the June 15, 1986 accident.[2]

---

1. See 47 P.S. §4-493(1).

2. Defendant offers that the underinsurance carrier in the arbitration proceeding claimed that Douglas Totaro [plaintiff-decedent here] assumed the risk of riding with Carol Ann Bradenbaugh because she was visibly intoxicated. Dr. Guzzardi testified on the issue of whether Bradenbaugh would have appeared visibly intoxicated before the accident.

Defendant represents that Dr. Guzzardi is not exercising a privilege to refuse to testify as an expert witness for the defense. See *Evans v. Otis Elevator Co.,* 403 Pa. 13, 168 A.2d 573 (1961). Plaintiff's estate cites *Pennsylvania, Company for Insurance on Lives and Granting Annuities v. Philadelphia,* 262 Pa. 439, 105 Atl. 831 (1918), in support of its position. In that case, however, the trial court properly sustained an objection from a plaintiff to a defendant's calling plaintiff's previously employed expert witness, on the basis that the witness objected to testifying.

Plaintiff also argues in her brief that we should not allow defendant to call Dr. Guzzardi because there is a "potential privy to confidential information which would not be generally available to the opponent." Plaintiff, however, makes no specific averments to support such a position. As noted in Annotation, *Compelling Expert to Testify,* 77 ALR 2d 1182, 1191 (1961):

"The fact that an expert is or has been employed or engaged by an adverse party may be sufficient ground for refusing to compel him to testify as such, or to permit him to do so over the objection of such party. . . . An important consideration in determining whether one employed as an expert by one party may or should be required to testify as such at the instance of an adverse party is whether under the particular circumstances, it is fair to do so." (footnotes omitted)

Without any specific claim that plaintiff is prejudiced because Dr. Guzzardi is privy to confidential information, we believe that the fair result in this case is to allow defendant to call the doctor as its expert witness. Plaintiff's counsel represented at the pretrial conference that plaintiff will be calling another toxicologist to support its dram-shop claim. As to the issue of whether Bradenbaugh was visibly

intoxicated when she was allegedly served alcohol by defendant, that testimony will seemingly be at conflict with the testimony plaintiff-decedent presented through Dr. Guzzardi at the arbitration proceeding. At the very least it is discomforting to think that plaintiff's estate would use an expert in this trial to take a position contrary to the position that it took through the use of another expert in the arbitration proceeding. Fairness is hardly on plaintiff's side.

We conclude that there is no appellate or statutory authority in Pennsylvania prohibiting defendant from using Dr. Guzzardi as its expert in this case. By comparison see *Holtzman v. Zimmerman,* 47 D.&C. 3d 608 (1988); and *Moses v. McWilliams,* 379 Pa. Super. 150, 549 A.2d 950 (1988). Accordingly, for the foregoing reasons the following order is entered.[3]

## ORDER OF COURT

And now, January 25, 1990, plaintiff's motion in limine to prohibit defendant from calling Lawrence J. Guzzardi, M.D. as an expert defense witness is denied.

---

3. We do not at this time address any issue as to whether any testimony that Dr. Guzzardi gave in the arbitration proceeding may, as defendant intimates in its brief, be considered a judicial admission by plaintiff in this case. That issue should be briefed by counsel if it is pursued by defendant at trial.