**RYAN STEVEDORING CO., Inc., et al. v. NORTON, Deputy Commissioner, Third Compensation District, et al.**

No. 2797.

District Court, E. D. Pennsylvania.

May 12, 1943.

Frederick L. Fuges, of Philadelphia, Pa., for plaintiffs.

Gerald A. Gleeson, U. S. Atty., J. Barton Rettew, Jr., Asst. U. S. Atty., and Harry T. Devine, all of Philadelphia, Pa., for claimant.

BARD, District Judge.

This action was brought by an employer and its insurance carrier under Section 21 (b) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(b), to review and set aside, as not in accordance with law, a compensation award made by the Deputy Commissioner. The complaint alleges that there is no competent evidence to support the finding of the Deputy Commissioner that the claimant's disability was the result of the accident and that compensation should have been suspended by the Deputy Commissioner for the reason that the claimant unreasonably refused to submit to medical and surgical treatment and to hospitalization. A motion to dismiss the complaint has been filed by the defendant Deputy Commissioner.

The record shows that the claimant was injured on April 25, 1939, was disabled intermittently to August 4, 1940, and received compensation for this disability. In August of 1941 claimant filed a claim for compensation on the ground of recurrence of the disability and, after a hearing before the Deputy Commissioner, an award was made for compensation for a period of about four weeks. Thereafter there was a further recurrence of disability and compensation was voluntarily paid to claimant by plaintiffs until February 12, 1942. Subsequently claimant filed an application for review and on April 2, 1942, the Deputy Commissioner issued an order for compensation for a period terminating April 2, 1942. On April 8, 1942, plaintiffs made application for a determination regarding the reasonableness of a refusal by the claimant to accept certain hospital and medical treatment, and the claimant informally applied for review of his claim and for an award of additional compensation. On May 4, 1942, the Deputy Commissioner issued a compensation order revising the rate of compensation for the period between March 6 and April 2, 1942, and finding that, because of claimant's improvement, a determination of his refusal to submit to medical treatment on April 4, 1942 was unnecessary. The award which plaintiffs seek in the present action to set aside was made August 28, 1942, and granted compensation to the claimant for a three week period beginning August 6, 1942, on the ground that claimant had suffered another recurrence of total disability during that period.

Plaintiffs do not challenge the well established principle that the findings of the Deputy Commissioner are conclusive upon review if there is evidence to support them, but contend that the sole medical testimony in this case establishes that the disability of the claimant during the period for which the present compensation order was made was not the result of claimant's injury. This evidence was the testimony of Dr. Haines, a specialist, who is consultant to the United States Public Health Service and who examined the claimant on February 2, 1942, at the request of the Deputy Commissioner and on a number of occasions thereafter. At the hearing on August 25, 1942, he testified that there was no causal relation between claimant's present condition and disability and the accident of April 25, 1939. In support of their position plaintiffs also call attention to the fact that claimant was being treated by a physician of his own choice who was not produced as a witness, and to the principle of law that there is therefore a presumption that his testimony, if produced, would be unfavorable to the claimant.

In answer to these contentions, the defendant Deputy Commissioner asserts that the award may be sustained on the testimony of the claimant as to his condition and ability to work prior to the accident and the pain which he suffered during the period in question when he attempted to perform any physical labor, a condition which had recurred intermittently for a period of several years since the injury.

On this state of the record, it cannot be held as a matter of law that there is not sufficient evidence to support the findings of the Deputy Commissioner. While it is true that the sole medical testimony in the case shows no causal connection between the accident and the disability for which the challenged award of compensation was made, it has been held that such causal connection need not be established by medical testimony, but that the Deputy Commissioner may rely upon his own observation and judgment in conjunction with the evidence. Southern Steamship Co. v. Norton, D.C., 41 F.Supp. 108, affirmed 3 Cir., 128 F.2d 263; Frank Marra Co. v.

Norton, D.C., 56 F.2d 246 [1]. It has further been held that the Deputy Commissioner is not bound by the uncontradicted testimony of medical witnesses where other evidence warrants a different conclusion. Wood Preserving Corp. v. McManigal, D.C., 39 F.Supp. 177; Jarka Corp. of Philadelphia v. Norton, D.C., 56 F.2d 287. The following excerpt from the opinion of Judge Kirkpatrick in the latter case, 56 F.2d at page 288, squarely answers the contentions of the plaintiffs in the case at bar:

"I am unwilling to hold that a claimant, in order to establish a case for compensation, must produce expert medical testimony to substantiate his claim, where it is proved that he sustained a fracture of the back and is now unable to work, and where the disability, not having existed before the injury, has been more or less continuous since the injury. I am also unwilling to hold that the commissioner is bound to accept the opinion of a medical expert for a respondent merely because uncontradicted. It seems to me that to sustain his contention that the award is not in accordance with law would require the court to adopt either of the foregoing rules."

The second ground on which the plaintiffs challenge the order of the Deputy Commissioner as not being in accordance with law is that the claimant unreasonably refused medical and surgical treatment and therefore, under section 7(a) of the Act, no compensation should have been awarded. The relevant portion of Section 7(a) of the Act, 33 U.S.C.A. § 907(a) reads as follows: "If at any time during such period the employee unreasonably refuses to submit to medical or surgical treatment, the deputy commissioner may, by order, suspend the payment of further compensation during such time as such refusal continues, and no compensation shall be paid at any time during the period of such suspension, unless the circumstances justified the refusal."

It will be noted that this provision merely authorizes the suspension of a compensation award during such time as an unreasonable refusal of medical or surgical treatment continues. The evidence upon which plaintiffs rely to establish such unreasonable refusal was introduced at a hearing in April, 1942, and tended to show that claimant on April 4, 1942, refused to remain in a hospital for examination and treatment as recommended by Dr. Haines [2]. While the April testimony was considered by the Deputy Commissioner in making the award presently challenged, there is no evidence of record that the claimant was offered, and refused, medical or surgical treatment after April 4, 1942. Accordingly, since no refusal was shown during the three week period in August of 1942 for which the award presently challenged was made, there were no facts before the Deputy Commissioner which would permit, much less compel, him to deny compensation for that period because of unreasonable refusal of medical or surgical treatment.

The only other ground upon which plaintiffs challenged the award of the Deputy Commissioner, namely, that the claimant was barred by the statute of limitations, was expressly abandoned by them at the argument.

The motion to dismiss the complaint is granted.

---

[1] See, also, Independent Pier Co. v. Norton, 3 Cir., 54 F.2d 734, in which it was held that the Deputy Commissioner was entitled to accept the testimony of the claimant that he was unable to return to work because of the severity of the pain he experienced, despite the testimony of the doctors to the contrary, and that the District Court might not reverse the compensation order even though the weight of the evidence was against the claimant.

[2] In his order of May 4, 1942, following the receipt of this evidence, the Deputy Commissioner awarded compensation only until April 2, 1942, and found that a determination of the reasonableness of the refusal was unnecessary because of claimant's improved condition on April 4, 1942, which date was during a period for which no compensation was awarded.