[No. 23750. Department Two. June 15, 1932.]

W. J. McArthur, *Respondent,* v. The Department of Labor and Industries, *Appellant.*[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*Frank P. Christensen* and *Phil K. Eaton,* for respondent.

[1] Reported in 12 P. (2d) 418.

HOLCOMB, J.—Respondent filed a report of accident with appellant, alleging that he was injured on July 8, 1931, while engaged in the employ of the Western Quarry Company at Tenino, in extrahazardous work in lifting a heavy stone. Upon receipt of the claim, appellant caused an investigation to be held by its agents, and thereafter respondent and his employer were advised that the supervisor had decided that the workman's condition was not the result of an injury within the meaning of the workmen's compensation act; that there was no proof of an injury in the course of the employment.

Upon receipt of that notice, respondent filed his application for a rehearing before the joint board of the department, in the manner and within the time prescribed by law. Thereupon, a rehearing was granted by appellant, and on the day appointed, respondent offered the testimony of himself and his lay and medical witnesses. Thereafter, the joint board rendered its decision sustaining the previous action of the supervisor, which order was communicated to respondent, and he duly filed his appeal therefrom in the superior court for Thurston county.

The matter was submitted to the court below upon the record taken before the joint board, no further testimony being offered by appellant. The lower court granted judgment reversing the joint board, after denying motion for a new trial, and this appeal results.

The evidence in the record shows that, on July 8, 1931, respondent had been employed by the Western Quarry Company in its stone quarry for a year or more; and on that day he was engaged with another workman in helping to load a flat car with stone sills, which operation also required the placing of excelsior, or packing of some kind, under and around the stone

sills, so that they would not come in contact with one another during transportation. The stones, weighing from six hundred to seven hundred pounds, were lifted and lowered by a derrick, and when so lowered, the workmen would direct the course of the stone so that it would be in its proper place.

After working from 8:00 a. m. to about 11:30 a. m. on July 8, respondent was observed by his fellow workmen to break out in an unusual perspiration. While he was engaged in shoving on a slab of stone to slide it into place, in an unusual position on one knee and one foot, he stooped over and exerted great force to slide the stone into place, after which he felt a pain in his stomach. He continued to work the few minutes until noon, and was then forced to quit.

During that night, the pain in his abdomen became very acute, and a doctor was called, who temporarily relieved the pain. The following day, he was removed to a hospital, where his condition was diagnosed as "ruptured duodenal ulcer," and an operation performed to relieve it. For some time prior to the date in question, respondent had been taking medicine to relieve what he believed was merely "sour stomach."

Respondent's physician and medical witness testified that the lifting possibly and probably caused the ulcer to rupture. He also stated that, as to the "length of disability in this case, had there been no pre-existing disease, respondent probably would not have been disabled at all."

Appellant states the two questions to be determined on this appeal are whether the workman suffered an "injury" within the meaning of the workmen's compensation act on the day in question, and, if so, whether respondent overcame the statutory *prima facie* correctness of the order of the joint board and showed

that any amount at all of the disability was due to the lifting, rather than to the pre-existing disease.

The amendment of 1927, now Rem. 1927 Sup., § 7675, is relied upon:

"The word 'injury' as used in this act means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical condition as results therefrom."

The same language has been incorporated in the subsequent amendment now found in Laws of 1929, chap. 132, p. 325, § 1. This amendment was construed by us in *Pellerin v. Washington Veneer Co.*, 163 Wash. 555, 2 P. (2d) 658, and more recently in *Metcalf v. Department of Labor and Industries, ante* p. 305, 11 P. (2d) 821.

In the last cited case, the injury was very similar, in that the workman was injured by a strain produced by himself. The same situation exists in this case, and is controlled by that decision. We, also, there said:

"It was not the legislature's purpose to limit the provisions of the workmen's compensation act to only such persons as approximate physical perfection."

As to the second contention of appellant, that respondent did not overcome the statutory presumption as to the correctness of the order of the joint board, two statutory provisions of the workmen's compensation act should be considered, one being subdivision (g) of § 2, chap. 132, Laws of 1929, p. 338, the material portion reading:

"Should a workman receive an injury to a member or part of his body already from whatever cause permanently partially disabled, resulting in the amputation thereof or in an aggravation or increase in such permanent partial disability but not resulting in the permanent total disability of such workman, his compensation for such permanent partial disability shall

be adjudged with regard to the previous disability of the injured member or part and the degree or extent of the aggravation or increase of disability thereof.

"Should any further accident result in the permanent total disability of such injured workman, he shall receive the pension to which he would be entitled notwithstanding the payment of a lump sum for his prior injury."

The other is subdivision (1) of the same section (p. 340), which reads:

"If it be determined by the department of labor and industries that an injured workman had, at the time of his injury, a pre-existing disease and that such disease delays or prevents complete recovery from such injury the said department shall ascertain, as nearly as possible, the period over which the injury would have caused disability were it not for the diseased condition, and/or the extent of permanent partial disability which the injury would have caused were it not for the disease, and award compensation only therefor."

A reasonable construction of these statutory provisions is that, since subdivision (1), *supra,* refers to "such physical condition as results therefrom," and subdivision (g), *supra,* provides for payment for aggravation of a pre-existing disability, it is the duty of the department to deduct for the effect of a pre-existing disease upon an injury, and not deny any recovery to the injured workman because of the effect of the injury upon the disease.

Respondent contends that subdivision (1), *supra,* is unconstitutional, in that it impairs the obligations of contracts, and would deprive respondent of his property without due process of law.

We cannot see how respondent is in any way concerned in those matters, for the reason that there is no suggestion here that there is any contract between

respondent and his employer that would be impaired; nor is he deprived of any right or property without due process of law. It is argued somewhat at length in respondent's brief that he would be deprived of any remedy whatsoever if there is any force given to subdivision (1), *supra*. There is not even a suggestion that the employer of respondent was guilty of any negligence, or failed to provide a safe place to work, by reason of which he would have any action against his employer. It is therefore impossible to see how he is deprived of any constitutional right.

We conclude that the judgment of the trial court is right, and it is affirmed.

TOLMAN, C. J., BEALS, MAIN, and MILLARD, JJ., concur.