[No. 24183. Department One. December 22, 1932.]

E. A. COGDAL, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*Clarence J. Coleman,* for respondent.

HOLCOMB, J.—Respondent was employed in extra-hazardous labor in a gasoline service station, and was injured in the course of his employment on August 25, 1930. The department of labor and industries allowed his claim, and paid him time loss for some time. It then closed the claim, with no further time loss and with an allowance for permanent partial disability of ten degrees. Respondent then petitioned the

[1]Reported in 17 P. (2d) 55.

joint board for a rehearing, which was granted. That petition concluded as follows:

"The testimony will show that he received a sprained back and that a latent condition of arthritis, aggravated and increased so that the amount of disability was greater than the amount awarded by the department."

After rehearing the matter, the joint board affirmed the order appealed from, upon which respondent appealed to the superior court. After a trial to that court without a jury, the order of the department was reversed, respondent's permanent partial disability was fixed at thirty degrees, and from the judgment so determining, this appeal was taken by the department.

Respondent was twenty-six years of age when injured. Prior to that time, he had been an able-bodied man, employed in service stations, mills, camps and woods work. This work at times placed a severe strain on his back, but respondent had never suffered any pain or disability prior to the injury. The injury occurred when he and a salesman were letting down a heavy barrel of oil weighing 550 pounds. The hold of the salesman slipped, and the barrel gave respondent a quick jerk. In about an hour, he first noticed pain when he tried to get up from a couch on which he was lying. He had considerable pain in the lower part of his back, and could not stand up.

According to all medical testimony, the injury was in the sacro-illiac region or lower spine, and that was the place where the pain always existed. Thereafter, respondent had arthritis in the first lumbar and lower dorsal vertebrae, which are higher up than the sacro-illiac region, the point of injury. The medical adviser of the department estimated respondent's disability at thirty degrees, but stated that in his opinion only ten degrees was due to the injury. His finding was based

solely on an examination made by him six months before. The medical adviser of the board also admitted that respondent probably suffered no affective disability prior to the accident.

After hearing and seeing all the evidence, the trial court, at the conclusion of the trial, in part, said:

"Dr. Goodnow [the medical adviser] in his report stated in effect that he could see no connection whatever between the arthritic condition and the pain complained of. He stated likely that the ligament had been strained in one of his vertebra, I believe. Now the board exercised no independent judgment in this case because the recommendation was made by Dr. Goodnow and the settlement was made upon his recommendation, and admittedly he hadn't seen the plaintiff for a long time. Now I am satisfied if the board had a right to do that they have a right to reverse their ruling and allow him settlement on the basis of a thirty degree injury, because that is Dr. Goodnow's testimony . . . all the medical testimony goes to the effect that he [plaintiff] was injured. There is no testimony that he wasn't perfectly normal prior to the time of this injury."

Accordingly, the trial court found, among other things, that, prior to the time of the accident, respondent was an able-bodied man and performed his accustomed labors, which were arduous in nature, without any disability or complaint, and that as a direct, proximate and efficient result of the injury of August 25, 1930, he received a permanent partial disability of thirty degrees, and that his disability was solely the result of the injury received; that any testimony to the effect that claimant's injury resulted partially from an arthritic condition is conjecture and guess; that there was no evidence of arthritis lower than the lower dorsal and upper lumbar vertebra, and the pain was all in the sacro-illiac region. In harmony with

those findings, the trial court concluded, as a matter of law, that the action of the department in fixing the award at ten degrees permanent partial disability was done arbitrarily; that claimant received a permanent partial disability solely as the result of such injury in the sum of thirty degrees.

Appellant lays great stress on the concluding paragraph of the petition for rehearing, and that it is manifest that the theory of respondent was that his principal disability as alleged was the aggravation of the preexisting disease of arthritis. Doubtless, respondent assumed that what the medical adviser of the board and another surgeon had stated as to the nature of his injury was true. Upon the trial, however, it became evident that there was no arthritis in the neighborhood of the sacro-illiac vertebra, but was higher up in the spine. That being true, the trial court undoubtedly treated the petition as amended to conform to the proofs.

We also consider a pleading amended to conform to the proofs in this court, by virtue of Rules of Practice III, subd. 9, Rem. 1927 Sup., § 308-3, prescribing that, at any time after trial, whether before or after judgment, the trial or appellate court may allow or make any amendment necessary to make a pleading conform to the proof so far as may be just. The petition must be considered amended.

Such being the facts in this case, Laws of 1929, p. 340, § 2, subd. 1, has no bearing upon this case. Nor have the decisions in *McArthur v. Department of Labor and Industries,* 168 Wash. 405, 12 P. (2d) 418, and *Frich v. Department of Labor and Industries,* 169 Wash. 282, 13 P. (2d) 67. This case is governed by *Johnston v. Department of Labor and Industries,* 163 Wash. 549, 2 P. (2d) 67.

Under the facts shown in the case, the department settled the permanent partial disability erroneously at ten degrees. As held by the trial court, he was clearly entitled to have the injury settled for on the basis of thirty degrees.

The judgment of the trial court is right, and is affirmed.

TOLMAN, C. J., MITCHELL, MILLARD, and PARKER, JJ., concur.