## LIBERTY MUT. INS. CO. v. GRAY, Deputy Com'r.

### No. 10355.

Circuit Court of Appeals, Ninth Circuit.

Aug. 27, 1943.

Theodore Hale and Carroll B. Crawford, both of San Francisco, Cal., for appellant.

Angus M. Taylor, Jr., U. S. Atty., and Edward Towse, Sp. Asst. U. S. Atty., both of Honolulu, T. H., and James Davis, Asst. U. S. Atty., of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment dismissing a complaint of appellant insurance company seeking to enjoin the enforcement of an award of compensation made by Deputy Commissioner Andrew F. Schmitz[1] to appellee McClees under the provisions of the Longshoremen's and Harbor Workers' Act of March 4, 1927, 33 U.S.C.A. § 901 et seq., made applicable to employees of persons engaged in National Defense activities by the Defense Base Act of August 16, 1941. 55 Stat. 622, 623, 42 U.S.C.A. §§ 1651–1654.

McClees was an employee of a group of corporations and an individual person associated in a joint venture for the prosecution of certain defense projects on the Island of Oahu of the Hawaiian Islands, and commonly referred to and known as "Contractors, Pacific Naval Air Bases," hereinafter referred to as Contractors. Appellant was the insurance carrier of the Contractors.

McClees was employed by the Contractors in certain defense work carried on at Kaneohe on the Island of Oahu. He filed a claim with the Deputy Commissioner for a disability resulting from an injury arising out of and in the course of his employment with the Contractors which stated a cause of action within the provisions of the Acts referred to.[2] Filing of the claim gave rise to the following presumption of the Harbor Workers' Act, 33 U.S.C.A. § 920(a), 44 Stat. 1436:

---

[1] Predecessor in office of John C. Gray, substituted in the district court as a party defendant, for commissioner Schmitz.

[2] 42 U.S.C.A. § 1651, 55 Stat. 622.

"§ 1651. Compensation authorized.

"Except as herein modified, the provisions of sections 901–921, 922–950 of Title 33, as amended, and as the same may be amended hereafter, shall apply in respect to the injury or death of any employee engaged in any employment at any military, air, or naval base acquired after January 1, 1940, by the United States from any foreign government or any lands occupied or used by the United States for military or naval purposes in any Territory or possession outside the continental United States, including Alaska, Guantanamo, and the Philippine Islands, but excluding the Canal Zone, irrespective of the place where the injury or death occurs. Aug. 16, 1941, c. 357, § 1, 55 Stat. 622."

33 U.S.C.A. § 902(2), 44 Stat. 1424.

"§ 902. Definitions. When used in this chapter—

*     *     *     *     *

"(2) The term 'injury' means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment."

33 U.S.C.A. § 903(a), 44 Stat. 1426.

"§ 903. Coverage. (a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law. No compensation shall be payable in respect of the disability or death of— *  *  *."

"§ 920. Presumptions. In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary—

"(a) That the claim comes within the provisions of this chapter."

■ The evidence produced before the Commissioner on the hearing of the claim warranted an inference that the claim was not within the provisions of the Act and hence the presumption disappeared. Del Vecchio v. Bowers, 296 U.S. 280, 286, 56 S.Ct. 190, 80 L.Ed. 229.

McClees resided at a construction camp about a mile distant from the place where he worked for the Contractors. He was transported without charge in the conveyance of the Contractors between his place of work and residence. He was employed for periods of seven days a week and obtained permission for a day off from his work and departed for Honolulu, some seventeen miles distant. He overstayed his time and on the morning of the third day, while in Honolulu and in his working clothes, presented himself to the driver of a truck belonging to an independent contractor, the Honolulu Construction & Draying Co., Ltd., and hired by the Contractors for the purpose of transporting employees of the Contractors from Honolulu to the site of the work without charge. The driver permitted McClees to board the conveyance which started on the seventeen mile drive to the place of work, but before proceeding outside the city of Honolulu, McClees was injured in a collision between the truck and another vehicle.

At the hearing before the Commissioner, Mr. White, the attorney for the Contractors, made the following statements concerning the vehicle in which McClees was riding at the time of the injury:

"Mr. White: This was not a company conveyance, Mr. Schmitz. It was a conveyance hired by the Contractors from and operated by an independent contractor.

"Comm. Schmitz: For the purpose of bringing workmen to the job.

"Mr. White: For the purpose of bringing workmen to the job. That is correct."

The record previously showed the following:

"Q. (By Comm. Schmitz) But if you lived at Kaneohe and came into town for a day off, then it is a matter of choice, you can furnish your own transportation or you can ride into town on a company truck and back to the job on a company truck, if one is available? A. [By McClees] Yes, that is right."

This testimony sustains the finding of the Commissioner: "Claimant herein was in the course of returning to work after a holiday in Honolulu and using a conveyance provided by the employer for such purpose. Therefore, the injury arose out of and in the course of his employment."

Here was an employee working a seven-day week of over eight hours a day. The Commissioner could properly infer that two days' recreation contributed to a higher efficiency in his employer's wartime work and that furnishing him with transportation for a prompt return to that work facilitated the performance of his work with his renewed vigor and therefore considered an incident of his employment.

■ There was other testimony from which it could be inferred that the truck of the independent contractor was contracted to be used only by employees resident in Honolulu, and that it was not furnished for the purpose of carrying an employee residing at the work camp near Kaneohe who, in his rest period, went to Honolulu for recreation or any private personal purpose. The district court was not entitled to weigh the evidence to make its choice of these two possible inferences from the testimony. This was the function of the Deputy Commissioner.

At the argument here, appellant's counsel admitted that McClees was an employee of the Contractors on his way to work for them at Kaneohe and it was conceded that if the Contractors furnished the truck for the purpose of carrying him there, the Contractors were liable under the principles established in such cases at Lamm v. Silver Falls Timber Co., 133 Or. 468, 277 P. 91, 286 P. 527, 291 P. 375; Rubeo v. Arthur McMullen Co., 118 N.J.L. 530, 193 A. 797.

■ We are of the opinion that the district court properly held that the Commissioner's finding that McClees was an employee of the Contractors and was injured in the course of his employment was sustained by the evidence, and that the injunction prayed for by the appellant was properly denied.

Judgment affirmed.

MATHEWS, Circuit Judge, dissents.