**SMOOT SAND & GRAVEL CORPORATION v. BRITTON, Deputy Com'r, District of Columbia, U. S. Employees' Compensation Commission.**

**No. 9007.**

United States Court of Appeals District of Columbia.

Argued Oct. 18, 1945.

Decided Nov. 26, 1945.

Mr. Frank H. Myers, of Washington, D. C., with whom Messrs. Norman B. Frost and Frederic N. Towers, both of Washington, D. C., were on the brief, for appellant.

Mr. Ward E. Boote, Chief Counsel, United States Employees' Compensation Commission, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Daniel B. Maher, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

This case arose upon a complaint seeking judicial review of administrative action under the Longshoremen's and Harbor Workers' Compensation Act[1], as made applicable to the District of Columbia by the Act of May 17, 1928.[2] Appellant was an employer qualified as an insurer under the Act. Claimant was its employee. Claimant was injured and made claim for compensation. After hearing, the Deputy Commissioner for the District of Columbia, United States Employees Compensa-

---

[1] 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

[2] C. 612, § 1, 45 Stat. 600, D.C.Code, 1940, § 36–501, 33 U.S.C.A. § 901 note.

tion Commission, made an award in claimant's favor. The employer brought suit for injunction[3], the District Court dismissed the complaint, and the plaintiff employer brings the case here upon appeal.

Appellant is a dealer in building materials. It receives building materials on its premises adjacent to the Potomac River, and in the movement of these materials to various places on the premises, considerable muck, dirt and trash accumulate. Claimant was employed as one of several laborers whose duty it was to clean up this accumulation and to move it in a dump truck driven by another employee. On the day of the injury, a few minutes before quitting time these employees gathered in a boiler house on the premises to get warm. An engineer in the employ of the company appeared and instructed the driver of the dump truck to put the truck in a garage which was located several hundred feet from the boiler house and near an exit to the premises. Claimant, being tired, stepped on the running board of the truck, intending to hitch a ride to the garage, on his way to the exit. The driver did not know that claimant was on the running board. He drove through an enclosed passageway, the truck struck a depression, and claimant was brushed from the running board by a support post and was injured.

The statute[4] provides that, "The term 'injury' means accidental injury or death arising out of and in the course of employment * * *."

Appellant's contentions are, first, that the finding of the appellee Deputy Commissioner that claimant's injury arose out of and in the course of his employment was unsupported by any evidence and, second, that an underlying finding by the appellee that claimant had observed his fellow workers riding on the running board of the truck was not supported by any evidence.

■ As to the latter contention, it is sufficient to say that there was a conflict in the testimony upon the point. Claimant testified that he had seen other employees riding and hanging on the sides of the truck, and that employees whom he saw riding on the running board of the truck almost any time in the day were on the truck in connection with their work in the course of the day. The yard foreman of the appellant company testified that at times, when there was a heavy load of material, three or four men would balance the load being hauled in the truck, that he had never seen men riding the running board just for riding from point to point in the yard. Later this witness testified that he had never seen workers riding on the running board of the truck. An engineer employed by the company testified that he never paid attention to employees of the yard riding on the running board, that he had not seen anyone riding on the running board of the truck. The company's chief engineer and director of maintenance testified that it was a generally accepted fact that employees, except the driver, did not ride on the truck and that he could not say that he had ever seen employees so riding. In the light of this testimony, it cannot be said that appellee's finding, to which this objection was taken, was without substantial evidence.[5]

■ Coming now to appellant's first and chief contention, we are met with a presumption that since claimant was on his employer's premises, and was on his way to the exit within a reasonable time after quitting work, he was in the course of his employment and that the injury sustained at this time and place arose out of his employment.[6] Appellant relies upon an exception to this general rule, contending that claimant's presence on the truck was unauthorized, that he was in a place where he had no right to be, and that his action was an assumption of a risk wholly outside the duties imposed upon him as a laborer and not reasonably contemplated by the terms of his employment. Appellant invokes the rule laid down by this court in Monahan v. Hoage, 67 App.D.C. 174, 90 F.2d 419.

■ Although the dump truck was not provided by the employer as a means whereby employees might reach the exit to the premises, the employer had never

---

[3] Act of March 4, 1927, c. 509, § 21, 44 Stat. 1436, as amended June 25, 1936, c. 804, 49 Stat. 1921, 33 U.S.C.A. § 921.

[4] Longshoremen's and Harbor Workers' Compensation Act, supra, § 2(2), 33 U.S. C.A. § 902(2).

[5] South Chicago Co. v. Bassett, 309 U.S. 251, 260, 60 S.Ct. 544, 84 L.Ed. 732.

[6] Travelers Ins. Co. v. Cardillo, 1943, 78 U.S.App.D.C. 255, 140 F.2d 10 and cases there cited; Erie R. Co. v. Winfield, 1917, 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057, Ann.Cas.1918B, 662.

expressly forbidden its use by employees for that purpose. It would seem to be a natural thing for an employee to hitch a ride on a truck going from his point of employment to the exit of the premises at the end of the day's work. The yard foreman testified that employees "would balance the load being hauled in the truck" in the course of the day's work, although he apparently meant that they rode on the body and not on the running board. In the absence of an express prohibition by the employer against riding on the running board, the circumstances could reasonably imply consent.[7]

In Smith v. Industrial Accident Commission, 1941, 18 Cal.2d 843, 118 P.2d 6, the employee boarded a truck of his employer en route to the exit of the premises, although the truck was not furnished for that purpose, and jumped off while it was in motion. In Pacific Employers Ins. Co. v. Kirkpatrick, 1943, 111 Colo. 470, 143 P.2d 267, the employee jumped on a moving dump truck while going to the time shack for the purpose of checking out at the end of his day's work. Injuries in those cases were held to be compensable. They are illustrative of many applications of the same rule. Contributory negligence of the employee is no defense under this statute. Sec. 4(b) of the Act, 33 U.S.C.A. § 904(b); Scott v. Hoage, 1934, 63 App.D.C. 391, 73 F.2d 114.

A ride on the running board of a truck, while clearly not the safest or the wisest method of transportation, is not so obviously dangerous or risky a method of traveling a few hundred feet as to constitute the sort of assumption of risk which was involved in Monahan v. Hoage, supra. In that case, the employee sat down on a screen over the mouth of an air shaft. This court pointed out that it must have been obvious to anyone that it would be extremely dangerous to rest upon the screen and that the employee knew that in so doing he was exposing himself to an extreme risk. Such are not the circumstances in the case at bar.

The cases cited by appellant, dealing with injuries sustained by employees in going to and returning from employment, are not applicable in the instant case. The claimant here was on the premises of the employer and was en route to the exit after work.

We think that the finding of the Deputy Commissioner that the injury arose out of and in the course of the employment of claimant by the appellant was supported by substantial evidence.[8]

Judgment affirmed.

---

[7] Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402.

[8] Voehl v. Indemnity Ins. Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245.