**C. F. LYTLE CO. et al. v. WHIPPLE et al.**

No. 11217.

Circuit Court of Appeals, Ninth Circuit.

June 7, 1946.

Merritt, Summers, Bucey & Stafford, of Seattle, Wash., for appellants.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Guy Dovell, Asst. U. S. Atty., of Tacoma, Wash., for appellee C. M. Whipple.

Leo M. Koenigsberg, of Seattle, Wash., for appellee Nutt.

Before GARRECHT, DENMAN and BONE, Circuit Judges.

BONE, Circuit Judge.

This is a proceeding in which appellants seek to suspend and set aside a compensation order and award of compensation made under the provisions of Public Law 208 of the 77th Congress, 42 U.S.C.A. 1651 et seq. William Earnest Nutt was killed in Alaska while employed by appellants C. F. Lytle Co. and Green Construction Co., these companies being at the time engaged in a joint venture in the prosecution of a contract with the United States of America under the provisions of the statute noted. The insurance carrier was appellant, United States Fidelity and Guaranty Company.

A claim for compensation for his death was filed by Clark Nutt, the guardian of three minor children of Nutt. The claimant (guardian) and appellants stipulated in writing that the respondent Deputy Commissioner could and should consider as the record in this case (a) a transcript of the testimony taken at a coroner's inquest held at Fairbanks, Alaska, about three days

after Nutt met his death, and (b) the depositions of four men connected in various capacities with the work on this project. Based on these records, the Deputy Commissioner made and filed the compensation order and award under consideration here.

Appellants question the sufficiency of the evidence in this record to sustain the compensation order. Their contention is that the death of Nutt did not arise out of and in the course of his employment, and further, that the record establishes (so as not to permit any conflicting inferences) that the death of Nutt was occasioned *solely* by his intoxication. These two contentions presented the decisive issues before the Deputy Commissioner and later considered by the lower court.

The record clearly sustains the finding of the Deputy Commissioner that the only means of transportation to and from job locations and the living quarters (barracks) of employees was in the employers' trucks; that Nutt was returning to the barracks from a point near job operations in a company truck when he was killed (about 11 p. m.).[1] See Liberty Mutual Ins. Co. v. Gray, 9 Cir., 137 F.2d 926.

The pertinent portion of the findings dealing with the conduct of Nutt at the time of his death set forth that while he was standing in the body of the truck one of the wheels struck either a hole in the road or an obstruction, catapulting the deceased over the side of the truck; that neither of the rear wheels struck him; that the death of the deceased was not occasioned *solely* by the intoxication of the deceased; and that his death arose out of and in the course of his employment.[2]

In assailing these last two declarations in the findings, appellants assert that they are clearly contrary to the facts as established by the testimony of Ray Johnston, who was apparently the only eyewitness of Nutt's actions at the moment he fell from the truck. They point to and emphasize a finding of the Deputy Commissioner "that deceased became intoxicated early in the evening" and "that deceased was in a happy stage of intoxication" (at the time of his death).

There was evidence in the record from which the Deputy Commissioner might have inferred and concluded that Nutt subjected himself to a peril or risk (in standing up and lifting his foot in a moving truck) not legitimately incidental to his employment or to the terms and conditions under which his work was required to be performed. It is equally true that the Deputy Commissioner might have concluded that Nutt's death was due *solely to* intoxication at the time which led or may have led him to stand up in the moving truck and put one foot over the side. But on the facts, as disclosed, the Deputy Commissioner held otherwise.

Witness Johnston was unable to state whether the fall from the truck was accidental or otherwise and he thought Nutt was "joking" at the time when he suggested that they "get out and walk". When asked if he (Johnston) thought Nutt knew what he was doing when he lifted a foot over the side of the truck body; Johnston stated that he thought that Nutt knew what he was doing. Asked by the coroner's jury if he thought that Nutt apparently thought that he would step out on the ground, Johnston replied: "I don't think he figured on letting his foot go down that far".

■ The only question of law involved here is whether there was evidence to support the findings of the Deputy Commissioner. See Norton v. Warner Co., 321 U. S. 565, 568, 64 S.Ct. 747, 88 L.Ed. 931. The able District Judge who reviewed the case

---

[1] Six men were riding in the dump truck at the time. Three were in the front seat which was enclosed by a cab with a rear vision glass window. Three men, one of whom was Nutt, were riding in the body of the truck which had sides described as being either 12 or 18 inches high.

[2] With respect to the conclusiveness of findings on the question of whether a man was injured or killed while "in the course of [his] employment", see Voehl v. Indemnity Ins. Co., 288 U.S. 162, 166, 53 S.Ct. 380, 381, 77 L.Ed. 676, 87 A. L.R. 245; South Chicago Co. v. Bassett, 309 U.S. 251, 258, 60 S.Ct. 544, 84 L.Ed. 732, and cases cited; Norton v. Warner Co., 321 U.S. 565, 568, 64 S. Ct. 747, 88 L.Ed. 931; Parker v. Motor Boat Sales, 314 U.S. 244, 246, 62 S.Ct. 221, 86 L.Ed. 184.

frankly stated that he thought the Deputy Commissioner had made a mistake in arriving at the decision and conclusions announced by him, but also stated that there was some substantial evidence in the record to support the action of the Deputy Commissioner. He referred to the testimony of witnesses Johnston and Berg (the latter was driver of the truck). Berg had testified to "a jolt or a bounce" of the truck at the time of the accident, "like it had run over a rock". This caused him to stop the truck at once.

In summary, appellants argue (a) that it was Nutt's departure from the course of his employment in standing up in the truck and indulging in the conduct shown by the record which alone placed him in a position of peril, and (b) that it is unreasonable to believe that Nutt would have so conducted himself if he were not in an intoxicated condition. It is further contended that it is not necessary to hold with appellants on *both* of these propositions since to establish either one is to bar recovery.

█ The issue thus presented involved the necessity of weighing and determining facts. Whether Nutt was departing or had departed from the course of his employment at the time of his death, was a fact to be determined by the Deputy Commissioner (see footnote 2). So much may be said respecting the matter of intoxication at the time and its effect on the actions of Nutt. Clearly both of these matters presented factual situations arising out of the conduct of Nutt and necessarily had to be determined as such.

█ Since the Congress made the Deputy Commissioner the trier of the facts, his decision is binding if supported by evidence. Deductions and inferences which may be and are drawn by him from the evidence should be taken as established facts and are not judicially reviewable. Therefore, the question of whether the inferences and conclusions here drawn by the Deputy Commissioner from all of the evidence and testimony, should meet the approval of a reviewing court, is outside the allowable scope of our inquiry. See Marshall v. Pletz, 317 U.S. 383, 388, 63 S.Ct. 284, 87 L.Ed. 348, and cases cited; Norton v. Warner Co., supra; Liberty Mutual Ins. Co. v. Gray, 9 cir., 137 F.2d 926, 928; South Chicago Coal & Dock Co. v. Bassett, 7 cir., 104 F.2d 522, at page 525, note 2; Contractors et al. v. Pillsbury, 9 cir., 150 F.2d 310, and cases cited.

The Deputy Commissioner may have concluded that a man who had indulged in beer some time before an accident was, at the time of the accident, in a joking mood and, in his pranks was caught off balance by the motion of the truck in which he was standing and tried to put a foot on the side board to brace himself rather than deliberately to step entirely out of the truck. The latter course would clearly have indicated an attempt at suicide, a view which the Deputy Commissioner rejected. See Del Vecchio v. Bowers, 296 U.S. 280, 287, 56 S.Ct. 190, 80 L.Ed. 229; Salmon Bay Sand & Gravel Co. v. Marshall, 9 cir., 93 F. 2d 1, 3.

Only one of the five men in the truck testified that Nutt was intoxicated, or appeared to be, at the time of the accident, but their drinking earlier in the evening could well lead the Deputy Commissioner to find, as he did, that the deceased "became intoxicated early in the evening" and that he "was in a happy stage of intoxication" at the time of the accident. Obviously the Deputy Commissioner did not regard this testimony as so compelling as to require him, as a matter of law, to find that Nutt met his death *solely* because of his intoxication. See 33 U.S.C.A. § 920(c).

The lower court did not err in granting the motion to dismiss the libel of appellants and its judgment and order of dismissal is affirmed.