**SOUTHERN STEVEDORING CO., Inc. et al. v. HENDERSON, Deputy Commissioner et al.**

No. 12707.

United States Court of Appeals Fifth Circuit.

July 14, 1949.

Frank T. Doyle and Nicholas Masters, New Orleans, La., for appellants.

J. Skelly Wright, U. S. Atty. and N. E. Simoneaux, Asst. U. S. Atty., New Orleans, La., for appellees.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This is an action, under the Longshoremen's and Harbor Workers' Compensation Act, to set aside an award for the death of a stevedore.[1] The decedent suffered an acute heart attack while in the employ of Southern Stevedoring Co., Inc. The appellants contend that there is no substantial evidence to support the deputy commissioner's findings that the death of the decedent was hastened as the result of his climbing

---

[1] Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

a thirty-foot perpendicular ladder soon after an attack of coronary thrombosis.

■ On August 24, 1947, James Boatner, often herein referred to as the deceased, was employed as a laborer on a vessel in the navigable waters of the Mississippi River at New Orleans. On that day he was stowing barrels in the hold of the ship (having started to work at six o'clock on the night before), when about 1:50 A.M. he suddenly had what was later diagnosed as coronary thrombosis. He immediately left the hold of the vessel by the only means of egress, a perpendicular ladder 30 feet long, but died within fifteen minutes after reaching the deck. At a hearing upon the widow's claim for compensation, at which medical testimony was introduced by both sides upon the question of casual relationship, said commissioner found that the employee's death occurred accidentally in the course of his employment. This finding was supported by substantial evidence, and thus supported should be considered as final and conclusive. Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028.

■ Under said Act, compensation is payable irrespective of fault as a cause of the injury,[2] and the concept of proximate cause, as it is applied in the law of torts, is not applicable.[3] Moreover, in the absence of substantial evidence to the contrary, there is a presumption that this claim for compensation comes within the provisions of the Act.[4] Thus the burden was on the appellants below to show that there was no substantial evidence to support the compensation order complained of in the bill.[5] Reasonable inferences from the evidence by the commissioner are not judicially reviewable.[6] This is true even though the evidence warrants conflicting inferences. Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229; South Chicago

---

[2] Sec. 904(b), Title 33 U.S.C.A.

[3] Manitowoc Boiler Works v. Industrial Commission, 1917, 165 Wis. 592, 163 N. W. 172; 106 A.L.R. 82; Hartford Accident & Indemnity Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11, 17; Avignone Freres, Inc. v. Cardillo, 73 App.D.C. 149, 117 F.2d 385.

[4] Sec. 920(a), Title 33 U.S.C.A.

[5] Grant v. Marshall, Deputy Commissioner, D.C., 56 F.2d 654; Nelson v. Marshall, Deputy Commissioner, D.C., 56 F.2d 654; Gulf Oil Corp. v. McManigal, Deputy Commissioner, D.C., 49 F. Supp. 75; United Employers Casualty Co. v. Summerour, Tex.Civ.App., 151 S. W.2d 247.

[6] Crowell, Deputy Commissioner, v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; Jules C. L'Hote v. Crowell, Deputy Commissioner, 286 U.S. 528, 52 S.Ct. 499, 76 L.Ed. 1270; Voehl v. Indemnity Ins. Co. of North America, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245; Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229; South Chicago Coal & Dock Co. v. Bassett, Deputy Commissioner, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Parker, Deputy Commissioner v. Motor Boat Sales Co., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Marshall, Deputy Commissioner, v. Pletz, 317 U.S. 383, 63 S.Ct. 284, 87 L.Ed. 348; Cardillo, Deputy Commissioner, v. Liberty Mutual Ins. Co.,

330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; Joyce v. United States Deputy Commissioner, D.C., 33 F.2d 218; Zurich General Accident & Liability Ins. Co. v. Marshall, Deputy Commissioner, D.C., 42 F.2d 1010; Booth v. Monahan, Deputy Commissioner, D.C., 56 F.2d 168; Michigan Transit Corporation v. Brown, Deputy Commissioner, D.C., 56 F.2d 200; Baltimore & Ohio R. R. Co. v. Clark, Deputy Commissioner, D.C., 56 F.2d 212; Jarka Corporation of Philadelphia v. Norton, Deputy Commissioner, D.C., 56 F.2d 287; Simmons v. Marshall, Deputy Commissioner, 9 Cir., 94 F.2d 850; Lowe, Deputy Commissioner, v. Central R. Co. of New Jersey, 3 Cir., 113 F.2d 413; Liberty Mutual Ins. Co. v. Gray, Deputy Commissioner, 9 Cir., 137 F.2d 926; Contractors v. Pillsbury, Deputy Commissioner, 9 Cir., 150 F.2d 310; Liberty Stevedoring Co. v. Cardillo, Deputy Commissioner, D.C., 18 F.Supp. 729; Eastern Steamship Lines v. Monahan, Deputy Commissioner, D.C., 21 F. Supp. 535; Grain Handling Co. v. McManigal, Deputy Commissioner, D.C., 23 F.Supp. 748; Ryan Stevedoring Co. v. Norton, Deputy Commissioner, D.C., 50 F.Supp. 221; Liberty Mutual Ins. Co. v. Marshall, Deputy Commissioner, D.C., 57 F.Supp. 177, affirmed, Contractors, Pacific Naval Air Bases v. Marshall, 9 Cir., 151 F.2d 1007; Marine Operators v. Barnhouse, D.C., 61 F.Supp. 572; 71 C.J. 1297, Sec. 1268.

Coal & Dock Co. v. Bassett, Deputy Commissioner, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Parker, Deputy Commissioner, v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Lowe, Deputy Commissioner, v. Central R. Co. of New Jersey, 3 Cir., 113 F.2d 413; Henderson, Deputy Commissioner, v. Pate Stevedoring Co., 5 Cir., 134 F.2d 440; Liberty Mutual Ins. Co. v. Gray, Deputy Commissioner, 9 Cir., 137 F.2d 926; Contractors v. Pillsbury, Deputy Commissioner, 9 Cir., 150 F.2d 310; C. F. Lytle Co. v. Whipple, Deputy Commissioner, 9 Cir., 156 F.2d 155.

[6, 7] Under the evidence and the findings, the illness of deceased in the hold of the ship was not what killed him. It was the heart attack on deck, after climbing the ladder, that caused his death. He might have lived a long time if he had rested sufficiently after the first symptoms of his disease appeared; but the conditions of his employment made it necessary for him to climb the ladder in order to leave the industrial premises. There were no other means of exit. One of the basic tenets in the treatment of coronary thrombosis "is absolute bed rest," according to Dr. Akenhead, who also testified as follows: "I think his death was hastened by climbing a thirty-foot ladder." Since there was evidence before the commissioner that the climbing of the ladder superimposed upon the defendant's heart a condition that hastened his death, and since to hasten one's death is to cause it,[7] we turn at once to the issue as to the accidental character of the injury, because, under the Act, injury means accidental injury arising out of and in the course of the employment; and death, as a basis of compensation, means only death resulting from such injury.[8] An accidental injury is one that is unexpected and not designed; it includes those sustained by employees who are suffering from physical infirmities.[9]

The Act gives compensation for accidental injury or death arising out of and in the course of employment; it does not say caused by the employment. There is no standard or normal man who alone is entitled to workmen's compensation. Whatever the state of health of the employee may be, if the conditions of his employment constitute the precipitating cause of his death, such death is compensable as having resulted from an accidental injury arising out of and in the course of his employment. If the workman overstrains his powers, slight though they be, or if something goes wrong within the human frame, such as the straining of a muscle or the rupture of a blood vessel, an accident arises out of the employment when the required exertion producing the injury is too great for the man undertaking the work; and the source of the force producing the injury need not be external. This was held in an English case, Clover, Clayton & Co. v. Hughes, L.R.Cases 1910, page 242, 3 B.W.C.C. 275, where on post mortem it was found that the employee had a very large aneurism of the aorta which might have burst while the man was asleep but which in fact ruptured while, with slight effort, he was tightening a nut with a spanner wrench. The principle announced in the case just mentioned was cited with approval in Hoage v. Employers' Liability Assurance Corporation, 62 App.D.C. 77, 64 F.2d 715, certiorari denied Employers' Liability Assurance Corporation v. Kerper, 290 U.S. 637, 54 S.Ct.

---

[7] Avignone Freres v. Cardillo, Deputy Commissioner, 73 App.D.C. 149, 117 F.2d 385; McCarthy Stevedoring Corporation v. Norton, Deputy Commissioner, D.C., 46 F.Supp. 26; Bartlinski v. Northumberland Mining Co., 117 Pa.Super. 437, 177 A. 518; Lucas v. Haas Coal Co., 118 Pa.Super. 182, 179 A. 876.

[8] Section 902(2) and (11), Title 33 U.S.C.A.

[9] Hoage v. Employers' Liability Assurance Corporation, 62 App.D.C. 77, 64 F.2d 715, certiorari denied, Employers' Liability Assurance Corporation v. Kerper, 290 U.S. 637, 54 S.Ct. 54, 78 L.Ed.

554; Commercial Casualty Ins. Co. v. Hoage, Deputy Commissioner, 64 App.D.C. 158, 75 F.2d 677, certiorari denied 295 U.S. 733, 55 S.Ct. 645, 79 L.Ed. 1682; Hoage, Deputy Commissioner, v. Royal Indemnity Co., 67 App.D.C. 142, 90 F.2d 387, certiorari denied Royal Indemnity Co. v. Cardillo, 302 U.S. 736, 58 S.Ct. 122, 82 L.Ed. 569; Henderson, Deputy Commissioner, v. Pate Stevedoring Co., 5 Cir., 134 F.2d 440; Harbor Marine Contracting Co. v. Lowe, Deputy Commissioner, 2 Cir., 152 F.2d 845, certiorari denied 328 U.S. 837, 66 S.Ct. 1012, 90 L.Ed. 1613.

54, 78 L.Ed. 554; Brodtmann v. Zurich General Accident & Liability Ins. Co., 5 Cir., 90 F.2d 1.

See, also, Commercial Casualty Ins. Co. v. Hoage, 64 App.D.C. 158, 75 F.2d 675, certiorari denied 295 U.S. 733, 55 S.Ct. 645, 79 L.Ed. 1682, where a grocery clerk, who had an enlarged heart, while handling sacks of potatoes suffered aortic regurgitation, which was held to be an accidental injury that caused his death. The court said: "It is enough if something unexpectedly goes wrong within the human frame," which is as true of an employee subject to physical infirmities as to one who is well and strong. In London Guarantee & Accident Co. v. Hoage, 63 App.D.C. 323, 72 F.2d 191, a baker died suddenly from heart failure while working around an oven where the temperature ranged from 110 to 120 degrees. The court sustained an award to the employee's widow, which rested on a finding that the crises in his heart trouble arose in substantial part from his work and the conditions under which he was working. In Pacific Employers' Ins. Co. v. Pillsbury, 9 Cir., 61 F.2d 101, the evidence was held sufficient to sustain a finding that the stevedore's illness, which terminated in his death, was brought on by strain due to heavy work, and that the injury and death were accidental within the meaning of the Longshoremen's Act. In Hoage v. Royal Indemnity Co., 67 App. D.C. 142, 90 F.2d 387, it was held that a collapse due to angina pectoris resulting from overwork, superimposed upon a previous condition of arterio-sclerosis, was an accidental injury within the meaning of said Act, in that the employee was doing his usual and regular work. See, also, Henderson v. Pate Stevedoring Co., 5 Cir., 134 F.2d 440; Southern Shipping Co. v. Lawson, D.C., 5 F.Supp. 321.

Even in those states where an injury is defined in the compensation law as "injury by violence to physical structure of the body" or by similar definition, the courts have considered collapses from internal causes resulting from strain or exertion as compensable. Such cases are: Tracey v. Philadelphia & Reading Coal & Iron Co., 270 Pa. 65, 112 A. 740, involving a cardiac collapse following strain; Skroki v. Cruci-ble Steel Company of America, 292 Pa. 550, 141 A. 480, involving acute dilation of the heart from over-exertion in lifting and carrying steel bars; McArthur v. Department of Labor and Industries, 168 Wash. 405, 12 P.2d 418, involving the rupture of a duodenal ulcer due to exertion; Metcalf v. Department of Labor and Industries, 168 Wash. 305, 11 P.2d 821, involving a cerebral hemorrhage due to over-exertion; Wright v. Louisiana Ice and Utilities Company, 19 La.App. 173, 138 So. 450, involving fatal dilation of the heart from strenuous exertion.

Appellants' argument seems to be that, if the strain caused by climbing the ladder had occurred before the heart attack, it would be a compensable injury, but that since the strain occurred afterwards, there was no accidental injury in the course of employment. Such reasoning is based upon the theory that the act of leaving the hold of the vessel was personal to the deceased and not incidental to the employment. This conception is erroneous, since the act of entering or leaving the industrial premises is an incident of the employment, and an injury sustained while so doing arises out of the employment. Erie R. Co. v. Winfield, 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057, Ann.Cas.1918B, 662; T. J. Moss Tie Co. v. Tanner, 5 Cir., 44 F.2d 928; Smoot Sand & Gravel Corp. v. Britton, Deputy Commissioner, 80 U.S.App.D.C. 260, 152 F.2d 17.

We do not doubt that the deceased was on duty and on pay as he descended and ascended this ladder in going to and from his work; and there is ample evidence, medical and otherwise, to support the finding that his heart was strained with fatal effect on his final exit from the hold of the ship. If he had broken an arm or sprained an ankle as he ascended the ladder for the last time, no one would question that the injury was accidental and arose in the course of employment. If he injured himself inwardly by straining his heart or rupturing an artery, the unexpected event, the fortuitous circumstance, the unintentional result, and the legal effect, are the same as if the injury had been external in character. This is true even

though there was no strain or exertion out of the ordinary when the injury occurred. It is sufficient if the particular strain was too great for the individual employee in his singular condition. It is the unexpected and unintentional effect of the strain or exertion, not its external or internal character, that is covered by the compensation law, regardless of how negligent or inadvisable one's conduct may be; but there must be no intention on the part of the employee to injure himself or another. Brodtmann v. Zurich General Accident & Liability Ins. Co., 5 Cir., 90 F.2d 1. The fact that the result would have been expected by a physician if he had diagnosed the case is nothing to the purpose. An occurrence is unexpected if it is not expected by the man who suffers it. Even the death of a murdered man is held to be accidental as to the victim who is the insured in an accident policy. Travellers' Ins. Co. v. McConkey, 127 U.S. 661, 8 S.Ct. 1360, 32 L.Ed. 308; Missouri State Life Ins. Co. v. Roper, 5 Cir., 44 F.2d 897; Mutual Life Ins. Co. of New York v. Sargent, 5 Cir., 51 F.2d 4; Halsbury's Laws of England, 2 Ed., Vol. 34, p. 818 et seq.

Appellants state that the medical evidence as to the casual relationship between the exertion in climbing the ladder and the death fifteen minutes later is conjectural. In addition to that previously quoted, we have the definite medical opinion that the death not only could have happened "from climbing the ladder but probably did." The preponderance of evidence as found by the commissioner goes beyond the accepted standard of proof with reasonable certainty, which is ordinarily required to establish any fact in issue. An autopsy is not required if the cause of death may be shown with reasonable certainty from the history of the case, the symptoms exhibited by the patient, the expert opinion of a physician, and other relevant facts and circumstances, that in the aggregate constitute substantial evidence from which the cause of death may reasonably be inferred. Cf. Hunter v. St. Mary's Natural Gas Co., 122 Pa.Super. 300, 186 A. 325.

The judgment appealed from is

Affirmed.