J. Julius Levy, U. S. Atty., Scranton, Pa., Stephen A. Teller, Wilkes-Barre, Pa., Roger A. Woltjen, Scranton, Pa., Asst. U. S. Attys., for defendant.

## STIFFLER v. UNITED STATES.
### Civ. A. No. 4024.

United States District Court Middle D. Pennsylvania.
June 23, 1954.

FOLLMER, District Judge.

Plaintiff instituted suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. He was injured on June 9, 1949, while riding in the car of a fellow worker on the way home from work after regular working hours, on a street within the limits of Letterkenny Ordnance Depot, on the usual route taken by him in leaving the Depot. He alleges that because of his condition due to the June 9, 1949, occurrence, while at work at the Depot on October 18, 1950, he fainted and fell and suffered further injuries. He accepted some compensation under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq., after each occurrence.

The Federal Employees' Compensation Act, 5 U.S.C.A. § 751, provides:

"The United States shall pay compensation as hereinafter specified for the disability or death of an employee resulting from a personal injury sustained while in the performance of his duty, * * *."

In Erie Railroad Company v. Winfield, 244 U.S. 170, 37 S.Ct. 556, 557, 61 L.Ed. 1057, the question was presented whether the plaintiff's remedy was under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The Supreme

Court said: "In leaving the carrier's yard at the close of his day's work the deceased was but discharging a duty of his employment. * * * Like his trip through the yard to his engine in the morning, it was a necessary incident of his day's work, and partook of the character of that work as a whole, * * *."

That language is pertinent here. The plaintiff's claim is that of an employee resulting from personal injury sustained while in the performance of his duty.[1] It follows that the Federal Employees' Compensation Act is the exclusive remedy.[2] Even if he had had a choice, he accepted benefits under the Federal Employees' Compensation Act and made his election.

Defendant's motion to dismiss the complaint must be granted.

1. Smoot Sand & Gravel Corporation v. Britton, 80 U.S.App.D.C. 260, 152 F.2d 17.

2. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051; Sasse v. United States, 7 Cir., 201 F.2d 871.