# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2010

No. 09-60485
Summary Calendar

Lyle W. Cayce
Clerk

C & D PRODUCTION SERVICES; ZURICH NORTH AMERICA,

Petitioners

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR; CLAUDIA S. CAMPBELL, Widow of John D. Campbell,

Respondents

Petition for Review of an Order of the
Benefits Review Board
(08-0706 & 08-0852)

Before SMITH, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioners C & D Production Services ("Employer") and Zurich North America petition for review of a final order of the Benefits Review Board awarding benefits to the widow of John D. Campbell ("Campbell"). Campbell worked as an offshore mechanic for Employer and, while on an offshore platform, suffered a heart attack that caused his death. The Administrative

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60485

Law Judge ("ALJ") found that his widow, Claudia S. Campbell ("Claimant"), was entitled to death benefits under the Longshore and Harbor Workers Compensation Act ("LHWCA"). The Board affirmed the ALJ's decision. For the reasons set forth below, we deny the petition for review.

Petitioners first argue the Board erred in concluding that Claimant carried her burden of proving that working conditions existed that could caused, aggravated, or accelerated the heart attack. We disagree. "It is well settled that a heart attack suffered in the course and scope of employment is compensable even though the employee may have suffered from a related preexisting condition." *Gooden v. Director, Office of Worker's Compensation Programs*, 135 F.3d 1066, 1069 (5th Cir. 1998). In the case of a heart attack, the injury or accident "'arises out of the employment when the required exertion producing the injury is too great for the man undertaking the work; and the source of the force producing the injury need not be external.'" *Id.* (quoting *Southern Stevedoring Co. v. Henderson*, 175 F.2d 863, 866 (5th Cir. 1949)). Here, there was substantial evidence that Campbell's work on the platform the day of his injury precipitated the heart attack, including evidence showing that Campbell traveled up and down hundreds of feet of stairs and expert medical testimony establishing the requisite causation between that activity and his heart attack.[1]

---

[1] Petitioners contend the instant case is analogous to *Ortco Contractors, Inc. v. Charptentier*, 332 F.3d 283 (5th Cir. 2003), in which we held the employee's heart attack was a non-compensable injury because, while the attack concluded 15 minutes after he began work, the employee's "heart attack began in the evening while he was at home, continued there throughout the night and early morning, and finally concluded in the fatal cardiac arrest 15 minutes into his morning work." *Id.* at 291. Unlike *Ortco*, the Benefits Review Board's decision is supported by expert medical opinion that the strenuous work activities Campbell performed on the day of his death, most notably the climbing of over two-hundred feet of stairs, was a precipitating cause of the heart attack. This evidence supports the finding that Campbell's injury "occurred in the course of employment or was caused, aggravated, or accelerated by conditions at the work place." *Id.* at 287 (citing *Conoco v. Director, Office of Worker's Compensation Programs*, 194 F.3d 684, 687 (5th Cir. 1999)).

No. 09-60485

Petitioners next argue that the Board's attorneys fee award was erroneous in multiple respects. First, petitioners claim that the award of fees in the amount of $250.00 per hour is unreasonably excessive based on the customary rates in the geographic area. In support of this argument, petitioners provide only their own unsupported statements as to the appropriate rate and point to two administrative decisions finding that $175.00 per hour is a reasonable rate. However, these arguments do not demonstrate that the Board abused its discretion in awarding fees considering "the necessary work done," as well as "the quality of the representation, the complexity of the legal issues involved, and the amount of benefits awarded" in *this* case. *See* 20 C.F.R. § 702.132. Second, petitioners contend the Board erred in awarding benefits where claimant's counsel utilized quarter-hour minimum billing periods, specifically pointing to billing entries where counsel listed .2 hours for preparation of a letter and another .2 hours for attempts to call the claimant. Although we have disfavored the use of quarter-hour minimum billing periods, petitioners have not shown that the time billed was not an accurate reflection of the time actually expended. *See Conoco*, 194 F.3d at 692 (noting disapproval of quarter-hour minimum billing, but affirming award where Board found the billing records "represented work actually performed"). Finally, petitioners object to an award of fees where opposing counsel engaged in "block billing," *i.e.,* describing multiple activities in only one time entry. Although multiple actions are listed in single entries, the Board did not abuse its discretion in finding the entries sufficiently specific to satisfy the requirements of 20 C.F.R. § 702.132.

Accordingly, we conclude the Board did not err in awarding benefits to the claimant, and find no abuse of discretion in its fee award. The petition for review is therefore DENIED.